IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 28 P 12: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GOFF GROUP, INC., and JOHN W. GOFF, | |
| Plaintiffs, | CIVIL ACTION NO. CV-06-___ |
| v. | 2:06cv389-SRW |
| PHOENIX-DURANGO, LLC, et al. | |
| Defendants. | |

## NOTICE OF REMOVAL

COMES NOW Phoenix-Durango, LLC ("Phoenix-Durango"), and, pursuant to 28 U.S.C. §§ 1441 and 1446, respectively removes this cause from the Circuit Court of Montgomery County, Alabama, to this Honorable Court. In support thereof, Phoenix-Durango states as follows:

**I.    THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED**

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. Plaintiffs Goff Group, Inc., and John W. Goff instituted this action in the Circuit Court of Montgomery County, Alabama, on March 24, 2006, naming as the defendant Phoenix-Durango, LLC. Counsel for Phoenix-Durango have learned from consulting Alabama's SJIS Case Detail that Plaintiffs filed a First Amended Complaint on April 25, 2006, naming as additional defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III, the only two members of the Phoenix-Durango limited liability company.

3. The Summons and Complaint were served upon defendant Phoenix-Durango on March 30, 2006. True and correct copies of all process, pleadings, and orders served on Phoenix-Durango are attached hereto as Exhibit A.

4. Because this Notice of Removal is filed within thirty (30) days of the receipt by defendant Phoenix-Durango of the Summons and Complaint in this action, it is timely filed under 28 U.S.C. § 1446(b).

5. This Court has original jurisdiction under 28 U.S.C. § 1332. First, complete diversity of citizenship exists between Plaintiffs and all defendants (both the original defendant and the subsequently named defendants) to this action. Second, although Plaintiffs plead no specific amount of damages, the amount in controversy clearly exceeds the sum or value of $75,000.00, exclusive of interests and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6. Plaintiff Goff Group, Inc. ("Goff Group"), is, and was at the time of the institution of this civil action, a corporation organized under and by virtue of the laws of Alabama, with its principal place of business in Alabama.

7. Plaintiff John W. Goff ("Goff") is, and was at the time of the institution of this civil action, an individual who is a citizen and resident of the State of Alabama. Complaint ¶ 2.

8. Defendant Phoenix-Durango, LLC, is, and was at the time of the institution of this civil action, a limited liability company established under the laws of Delaware and which is, for purposes of removal, considered to be a citizen of Texas and Florida, the states of which the only two members of Phoenix-Durango, Jeremiah A. Henderson II and Jeremiah A. Henderson III, are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020,

1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *see also Marshall Construction, LLC v. Climastor IV*, LLC, 2005 WL 1364942 (M.D. Ala. June 8, 2005) (applying same). As a result, Phoenix-Durango is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

9. Defendant Jeremiah A. Henderson II is, and was at the institution of this civil action, an individual who is a citizen and resident of the State of Texas.

10. Defendant Jeremiah A. Henderson III is, and was at the institution of this civil action, an individual who is a citizen and resident of the State of Florida.

11. Pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendants sued in this cause under fictitious names are to be disregarded for the purposes of removal.

12. Thus, the controversy in this civil action is wholly between citizens of different states: Plaintiff Goff Group, an Alabama corporation with its principal place of business Alabama; Plaintiff Goff, a citizen of Alabama; Defendant Phoenix-Durango, a limited liability company which is a citizen of Texas and Florida, the states in which its members are citizens; Defendant Jeremiah A. Henderson II, a citizen of Texas; and Defendant Jeremiah A. Henderson III, a citizen of Florida.

### III. THE AMOUNT IN CONTROVERSY HAS BEEN MET

13. Although Plaintiffs' Complaint does not plead an amount in controversy, it is clear that, due to nature of their claims, the jurisdictional amount has been met. Where a complaint does not state a demand for a specific amount of damages, a removing defendant must

demonstrate only by a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is "more likely than not" at issue in the case. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995) (stating that preponderance of the evidence standard is the appropriate test); *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414, 1416 (M.D. Ala. 1986) (same); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (same).

14. Plaintiffs claim that Phoenix-Durango wrongfully attempted to foreclose on Plaintiffs' property. Complaint ¶ 11. Plaintiffs claim that Phoenix-Durango engaged in fraudulent and outrageous conduct, in conspiracy with others, and seek an award of exemplary damages "necessary and appropriate to punish the Defendants for such conduct and to make an example of them and to deter repetitions of such conduct attended the conduct of the Defendants." Complaint ¶¶ 23, 25, and 29. Plaintiffs are seeking both compensatory and punitive damages, including damages for their financial harm and mental anguish. Complaint ¶ 23, 25, 27, and 30.

15. To determine whether the jurisdictional level is met, the court may look for guidance to decisions rendered in other cases in the same jurisdiction, including awards of punitive damages. *Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991); *Bolling*, 900 F.Supp. at 404-05; *see also Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.")

16. In other cases seeking punitive and/or mental anguish damages under analogous claims, the Alabama Supreme Court has often affirmed damages well in excess of $75,000. *See*

*e.g., Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) (affirming $250,00 compensatory damages award, including mostly mental anguish damages, and remitting punitive damages to $750,000 in case involving sellers' fraud claims against real estate agent); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) (reducing compensatory damages award for mental anguish from $500,000 to $75,000 and affirming punitive damages award of $249,000); *Alabama Power v. Murray*, 751 So. 2d 494 (Ala. 1999) (affirming one plaintiff's award of mental anguish damages for $132,005.36 and reducing another plaintiff's award for mental anguish damages to $84,000); *Delchamps, Inc. v. Bryant*, 738 So. 2d 824 (Ala. 1999) (reducing $400,000 compensatory damages award based mostly on mental anguish to $100,000); *Crown Life Ins. Co. v. Smith*, 657 So. 2d 821, 824 (Ala. 1995) (affirming, upon remittur, $250,000 award for mental anguish damages in absence of economic loss in case involving conversion of proceeds of life insurance policy).

17. Phoenix-Durango does not concede, in any way, that Plaintiffs in this action are entitled to compensatory or punitive damages in any amount. To the contrary, Phoenix-Durango denies that Plaintiffs' claims are meritorious and that Plaintiffs are entitled to recover any damages in this action whatsoever. However, strictly for purposes of determining the "amount in controversy" within the context of federal diversity jurisdiction, Phoenix-Durango submits that Plaintiffs' unspecified demand and the Alabama Supreme Court's affirmance of judgments in other cases establish by a preponderance of the evidence that Plaintiffs' claims in this action have placed the minimum jurisdictional amount at issue here.

18. Because complete diversity exists between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interests and costs, this Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.

IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

19. As set forth above, this Notice of Removal is filed within thirty (30) days of the receipt of the Summons and Complaint in this action.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. Defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III, whom undersigned counsel also represent, join in and consent to the removal of this action, as evidenced by their Joinder in Notice of Removal, filed contemporaneously herewith.

22. If any question arises as to the propriety of the removal of this action, the removing defendant requests the opportunity to present a brief and/or argument in support of its position that this case is removable.

23. A copy of this notice is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, as provided by law.

WHEREFORE, the defendant desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of the court of the county in which the action is pending, pray that the filing of this Notice of Removal in this court and with the Clerk of the Circuit Court of the Montgomery County, Alabama, shall effect the removal this suit to this Court.

                                                           _____
                                                           Vernon L. Wells, II

                                                           _____
                                                           C. Ellis Brazeal

                                                           Attorneys for Defendant Phoenix-Durango, LLC

OF COUNSEL
Walston, Wells, & Birchall, LLP
1819 5th Avenue North, Suite 1100

Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing NOTICE OF REMOVAL has been served upon counsel of record by placing same in the United States mail, properly addressed and postage prepaid, as follows:

Thomas T. Gallion, III
Haskell, Slaughter, Young & Gallion, LLC
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660

This the 28th day of April, 2006.

*/s/ Vernon L. Wells II*
Of Counsel