


**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**JOHN W. GOFF,**

**Plaintiff,**

**v.**

**PHOENIX-DURANGO, LLC, a limited liability company; JEREMIAH A. HENDERSON, II, an individual; JEREMIAH A. HENDERSON, III, et al.**

**Defendants.**

**Case No. CV-06-834**

RECEIVED APR 28 2006

**MOTION TO SUPPLEMENT THE RECORD**

COMES NOW the Plaintiff John W. Goff (hereinafter referred to as "Goff"), by and through its attorney in the above cause of action and files this motion to attach exhibit and as reasons state the following:

1. On April 25, 2006, Plaintiff filed its First Amended Complaint and Request for Restraining Order. Attached to the Complaint were Exhibits A-E.

2. Exhibit A should have been copies of the Martial Settlement Agreement and Order. However, the Martial Settlement Agreement was omitted when copies were made. Copy of the Martial Settlement Agreement is attached hereto and identified as Exhibit A-1.

WHEREFORE, Plaintiff requests this Honorable Court to grant this motion to supplement the record by attaching Exhibit A-1 to the First Amended Complaint and Request for Restraining Order.

Respectfully submitted this 25th day of April 2006.

Thomas T. Gallion, III (GAL010)

OF COUNSEL:
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
fax: (334) 264-7945

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon the following listed persons by facsimile to the numbers listed below and by placing a copy of the same in the United States mail, postage prepaid and property addressed, on this the 25th day of April 2006.

Kay K. Bains, Esq.
Bradley Arant Rose & White, LLP
Attorney for Defendant Phoenix-Durango, LLC
1819 Fifth Avenue North
Birmingham, Alabama 35203

OF COUNSEL

26934-008
#20,202

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| ANNE REYNOLDS GOFF | ) | |
| | ) | |
| and | ) | CASE NO. DR-05-1044 |
| | ) | |
| JOHN WAYNE GOFF, SR., | ) | |
| | ) | |
| Wife and Husband. | ) | |

## MARITAL SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made and entered into by and between Anne R. Goff, sometimes herein referred to as the "Wife," and John W. Goff, Sr., sometimes herein referred to as the "Husband."

## WITNESSETH

**WHEREAS,** the parties were married to each other May 20, 1989, and lived together until on or about August, 2005, when they separated and have not lived together as husband and wife since; and

**WHEREAS,** no children born to the parties, and no children are expected; and

**WHEREAS,** both parties agree and stipulate that this Agreement makes fair and equitable division of the assets and liabilities of the parties; and

**WHEREAS,** both parties have relied on the disclosures of the other party with regard to the terms and conditions of this Agreement; and

ARG




JWG

## I. EFFECTIVE DATE

This Agreement shall become binding and effective upon the parties, their respective legal representatives, successors, heirs and assigns, immediately upon execution hereof. The parties stipulate and agree that this Agreement shall not be submitted to the Court for the entry of a Final Decree of Divorce until March 1, 2006; however, the parties shall operate under the terms and conditions hereof until such time and thereafter as the Agreement is incorporated in the Court's final judgment in the pending action.

## II. RELATIONSHIP OF PARTIES

Neither party shall hereafter do any act, directly or indirectly, to harass, intimidate or bother the other party in any manner whatsoever. Each party shall be free to live at such places as he or she may elect, free from all dominion, control or restraint from the other party in any manner whatsoever.

## III. REAL PROPERTY DIVISION

A. Watercolor Property: The parties sold and closed on real estate which was jointly owned by the parties and which consisted of a lot and a residence under construction at Lot 17 Sunset Ridge, Watercolor, Santa Rosa Beach, Florida. The net proceeds to the parties are $612,190.25, which shall be divided as follows:

1. The Wife shall receive $332,000, plus $35,000 (which is one-half of the $70,000 paid out of the Mathews property closing to Haskell Slaughter for the Husband's legal fees); $50,000 (which represents one-half of the Wife's share

of the equity in the parties' Grove Park property); $75,000 as a cash settlement of alimony in gross; $6,000 (which is the parties' negotiated agreement on repayment of the Husband's loan from Jim Lane); $39,000 to pay off the automobile recently purchased for the Wife by the Husband; and $13,000 toward the Wife's attorney fees, for a total payment of $550,000.00 to the Wife from the $612,190.25 net proceeds from the closing on the Watercolor property.

2. The Husband shall receive the remainder of $62,190.25 from the proceeds from the closing on the Watercolor property.

B. Grove Park Property: The parties jointly own real estate consisting of a house and lot located at 3665 Grove Park Circle, Montgomery, Alabama 36117. At all times the Husband shall be solely responsible for any and all indebtedness on said property and indemnify and hold the Wife completely harmless against any and all debts and/or claims thereto. Should the Husband default on the indebtedness while the indebtedness is in the parties' joint name and foreclosure proceedings are initiated, the Wife shall have the absolute right to reclaim the property and bring the payments up to date. Should the Wife reclaim the property under such circumstances, the Husband shall immediately execute a quit clam deed to the Wife divesting the Husband of all right, title and interest in said property. The Husband shall, within ninety (90) days of the date of this Agreement refinance all debt on the Grove Park property into his sole name. Upon payment in full to the Wife of the property division set out herein and upon the Husband's refinancing all existing debt on the Grove Park property into the Husband's sole

ARG



JWG

name, the Husband shall be the sole and exclusive owner of said property at 3665 Grove Park Circle, and the Wife shall execute a quit claim deed divesting herself of all right, title, and interest in the Grove Park property.

C. <u>Other Individually Held Real Property</u>: Other than the property specifically divided herein, each party shall have as their sole and exclusive property any and all such real property as they currently own or have an interest in, and each party shall be solely and exclusively responsible for any and all debts, claims, expenses, and other responsibilities and expenses of any kind whatsoever with respect to such property, holding the other party forever harmless thereon.

## IV. PERSONAL PROPERTY

A. In addition to the personal property, furniture, furnishings, and household items in her current possession, the Wife shall be the sole and exclusive owner of the piano currently located at the Husband's office, and she shall retrieve said piano within six (6) months of the date of the execution of this Agreement. The Wife shall also be the sole and exclusive owner of the 2006 GMC Yukon Denali. The Husband shall be solely responsible for any and all debt on said vehicle, which debt shall be paid in full from the Husband's remaining share of the proceeds from the sale of the Watercolor property.

B. The Husband shall be the sole and exclusive owner of the personal property, furniture, furnishings and household items currently in his possession, the 2006 GMC Envoy, and the pool table located at the Oak Grove property, and he shall be solely responsible for all

ARG



JWG

indebtedness and/or claims thereon, holding the Wife completely harmless.

## V. ALIMONY

Periodic alimony payable to the Wife by the Husband shall be reserved until such time as amounts payable to the Wife by the Husband as set out herein above have been paid in full. Upon payment in full of all said amounts, this provision for the reservation of alimony from the Husband to the Wife shall be null and void and of no force and effect whatsoever.

## VI. OTHER FINANCIAL ACCOUNTS

Each party shall have as their separate property all funds which are located in any respective financial accounts, and the other party hereby relinquishes any and all present or future claims thereto.

## VII. DEBTS, INCOME TAXES, AND TAX LIABILITIES

A. In addition to the indebtedness otherwise allocated herein, the Husband shall be solely responsible for all marital debts, outstanding health related and medical bills, credit card debts, debts in the Husband's sole name, and debts in his name with any other person or entitle, and personal or business debts which the Husband has guaranteed whether guaranteed personally or professionally, including but not limited to the following:

1. Bank Card Services, Account #426-2985-2400-0114, with an approximate balance of $54,524.73;

2. MBNA America Bank, Account #5490-9916-9432-6014, with an approximate balance of $22,947.75;

ARG



JWG

3. Chase Bank USA, N.A., Account #4731-6268-0170-5559, with an approximate balance of $11,273.99; and

4. Chase Bank USA, N.A., Account #4226-6735-0001-6443, with an approximate balance of $7,201.95.

B. The Husband shall be solely responsible for any and all tax liability to the Internal Revenue Service and the Alabama State Department of Revenue on any and all taxes owed during the marriage whether personal or business, and he shall hold the Wife completely harmless thereon.

B. The parties stipulate and agree that this Agreement shall not be submitted to the Court for a Final Decree of Divorce to issue until March 1, 2006, and that the parties shall file a joint tax return for the taxable year 2005. The Husband shall be solely responsible for any and all taxes due on tax returns for the taxable year 2005 and all previous years as set out herein above, indemnifying and holding the Wife completely harmless from any and all claims thereon.

C. Each party warrants that they have fully disclosed each to the other all outstanding debts and liabilities whether personal or business related incurred whether in their joint or individual names or as a personal guarantee of business debts upon which the other party may now or in the future be or become liable. Any outstanding debts or liabilities not disclosed shall be the sole responsibility of the person incurring said debt and/or liability and that person having failed to disclose said debt and/or liability shall hold the other harmless from liability thereon. The debts disclosed by the Husband include only those listed above, and he shall be solely

ARG



JWG

responsible for any other debts not otherwise disclosed to the Wife, whether business or personal related, and hold her completely harmless thereon.

D. With respect to each parties' responsibility to pay the debts, liabilities, and property settlement set forth in this entire Agreement herein and to include holding the other harmless from any liability thereon whatsoever, the parties intend that these specific debts and liabilities shall be non-dischargeable under Section 523(a)(5) of the Bankruptcy Code.

E. Each party acknowledges that the assumption of the obligation to hold the other harmless from any liability upon the debt obligation contained in this Agreement is the assumption of a separate and distinct obligation in addition to the obligation to assume and pay said liabilities.

F. Neither party shall hereafter directly or indirectly incur further debts or credit obligations which would obligate the other party either individually or jointly. Neither party shall hereafter charge upon the credit of the other.

## VIII. OTHER ASSETS AND MISCELLANEOUS

A. The division of property stated herein is a full, final, complete and equitable property division between Husband and Wife. All other money, accounts, stocks, bonds, securities, business interests, retirement accounts, life insurance policies or assets of any kind or description not specifically set out herein shall be the sole property of the respective party in whose name the property is held.

ARG



JWG

B. The Wife shall be allowed to remain in the property located at 174 Watercolor Way #242, Santa Rosa Beach FL 32459, which is currently leased. The Husband shall continue to be solely responsible for all lease and monthly service or utility payments associated with said property lease until March 1, 2006. Said payments shall be made by the Husband directly to the service provider and to the leasehold company, and they shall be made in a timely manner.

C. The Husband shall continue to maintain or provide medical insurance coverage for the Wife through the current coverage or by an independent policy until the Wife becomes eligible and has medical insurance coverage through her employment and for no later than March 1, 2006. The Husband shall be solely responsible for any medical expenses for the Wife resulting from any lapse in medical insurance coverage until the Wife is covered under a policy provided by her employer and in no event no later than March 1, 2006. The Wife expects to be eligible for coverage no later than March 1, 2006, and she shall take all steps necessary to provide medical coverage for herself through her employer as may be required to obtain insurance coverage through her employer sooner if possible. The Wife shall notify the Husband immediately upon her obtaining coverage for herself, at which time the Husband shall no longer be required to provide coverage for the Wife, and in no event shall the Husband be required to provide medical insurance coverage for the Wife beyond March 1, 2006.

D. The Husband shall provide automobile insurance coverage for the Wife's automobile until March 1, 2006.

ARG



JWG

## IX. ATTORNEY'S FEES

The Husband shall be responsible for his own attorney fees and for the payment of the Wife's attorney fees as set out herein. Court costs have been prepaid.

## X. AGREEMENT TO EXECUTE

Upon demand, now or in the future, both parties agree to execute, acknowledge and deliver all documents which may be necessary to carry out the terms and conditions of this Agreement. However, if a party is unable, unavailable or refuses to do so, a certified copy of the Final Decree of Divorce may be recorded and/or utilized with the same force and effect as if a conveyance, transfer, assignment or other such document had been personally executed, acknowledged and delivered by said party. Said Final Decree of Divorce shall constitute a full, present and effective relinquishment and waiver of all rights to be relinquished and waived. Should Husband and/or Wife fail to execute the instruments provided for in this Marital Settlement Agreement within thirty (30) days of delivery for execution, then in said event, the clerk of the Circuit Court, Domestic Relations Division, of Montgomery County, Alabama, shall be authorized to execute said instruments in their stead upon motion of either party.

## XI. DIVESTING OF PROPERTY RIGHTS

Except as otherwise provided for in this Marital Settlement Agreement, each party waives, renounces and gives up all right, title and interest in and to the property awarded to the other. All property and money received and retained by the parties shall be the separate property of the respective parties, free and clear of any right, title, interest or claim of the other party, and

ARG JWG

each shall have the right to deal with and dispose of his or her separate property as fully and effectively as if the parties had never been married. In addition, except as provided in this Marital Settlement Agreement, each party waives and/or relinquishes any and all right, title and interest of any kind or nature to the other party's retirement accounts and/or business interests.

## XII. ENFORCEMENT OF AGREEMENT

Any party breaching any term of this Agreement shall, after a judicial determination that the any provision of this Agreement has been breached, shall be obligated to the other party for the payment of all costs, including attorney's fees, litigation expenses, and damages, both incidental and consequential, resulting from said breach.

## XIII. STIPULATION FOR REVISION/MODIFICATION

No oral revisions, oral modifications or oral amendments shall be effective to revise, modify, amend or waive any terms or conditions of this Agreement. Failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature. Any written revision or modification of this Agreement shall be reduced to a stipulated Order Amending Final Decree of Divorce.

## XIV. VOLUNTARY EXECUTION

The parties acknowledge that each has freely entered into this Agreement. This Agreement was executed free of any duress, coercion, collusion or undue influence. In some instances, it represents a compromise of disputed issues. However, both parties believe the terms

ARG



JWG

and conditions to be fair and reasonable.

## XV. COMPLETE AGREEMENT

The parties acknowledge that no representations, warranties, promises, or undertakings of any kind have been made to him or her as an inducement to enter into this Agreement other than those expressly set forth herein. This Agreement is intended to be and is their complete agreement.

## XVI. FUTURE INTERPRETATION

Paragraph headings are for convenience only. They are not part of the agreement of the parties and shall not be used in the construction thereof. With respect to the form of this Agreement, Husband and Wife assume joint responsibility for the form and composition of each paragraph, and each further agrees that this Agreement shall be interpreted as though each of the parties participated equally in the composition of each and every part thereof. This Agreement is not to be strictly construed for or against Husband or Wife. This Agreement shall be interpreted simply and fairly to both Husband and Wife.

## XVII. INCORPORATION OF AGREEMENT INTO JUDGMENT

The parties shall submit this Agreement to the Court for approval as set out herein above and request that the Court incorporate the terms of this Agreement into the Final Decree of Divorce and make them enforceable as part of said Decree.

ARG



JWG

## XVIII. DISCLOSURE

By execution of this Agreement, each party warrants and represents to the other that they have fully disclosed all of their respective assets and liabilities both personal and business related.

## XIX. RULE 29 STIPULATION

Pursuant to Rule 29, *Alabama Rules of Civil Procedure*, the parties hereby stipulate and agree that testimony in this cause may be taken before any person, at any time and place, upon any notice and in any manner. Specifically, any disqualification of a Notary Public pursuant to Rule 28(d), *Alabama Rules of Civil Procedure*, is hereby waived by the parties.

## XX. SEVERABILITY

Every provision of this Agreement is intended to be severable. If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this Agreement.

## XXI. WAIVERS AND ACKNOWLEDGMENT OF REPRESENTATION

A. The Husband acknowledges that he has been advised by Ronald W. Wise, his attorney of record in this case, that there may be certain tax consequences pertaining to this Agreement, that his attorney has not furnished tax advice with respect to this Agreement, that the Husband has been directed and advised by his attorney to obtain independent tax advice from qualified tax accountants or tax counsel prior to signing this Agreement and that the Husband has had the opportunity to do so. The Husband further hereby acknowledges that Ronald W. Wise has represented him in connection with the preparation and execution of this Agreement,

and that Ronald W. Wise has advised the Husband of the effect, both at law and in equity of the terms of this Agreement on the Husband's rights under the laws of the State of Alabama.

B. The Wife acknowledges that she has been advised by Judy H. Barganier, her attorney of record in this case, that there may be certain tax consequences pertaining to this Agreement, that her attorney has not furnished tax advice with respect to this Agreement, that the Wife has been directed and advised by her attorney to obtain independent tax advice from qualified tax accountants or tax counsel prior to signing this Agreement and that the Wife has had the opportunity to do so. The Wife further hereby acknowledges that Judy H. Barganier has represented her in connection with the preparation and execution of this Agreement, and that Judy H. Barganier has advised the Wife of the effect, both at law and in equity of the terms of this Agreement on the Wife's rights under the laws of the State of Alabama.

**IN WITNESS WHEREOF,** the parties have executed this Marital Settlement Agreement by placing their signatures hereon on the date so indicated by their individual acknowledgments.

**JOHN W. GOFF, SR.**

**ANNE R. GOFF**

**RONALD W. WISE (WIS004)**
Attorney for the Husband
2000 Interstate Park Drive, Suite 105
Montgomery AL 36109
(334) 260-0003

**JUDY H. BARGANIER (BAR075)**
Attorney for the Wife
7025 Halcyon Park Drive
Montgomery, AL 36117
(334) 271-7110

**STATE OF ~~ALABAMA~~** Florida )

Walton
**~~MONTGOMERY~~ COUNTY** )

Before me the undersigned authority, a Notary Public, in and for said State and County, on this 15 day of December, 2005, personally appeared Anne R. Goff, who, after being first duly sworn by me, deposes on oath and says that she has read this instrument, has been advised of and understands its nature and effect, and that she voluntarily executed the same.

[Notary Seal]


DINA S. WADE
MY COMMISSION # DD 431442
EXPIRES: May 22, 2009
Bonded Thru Notary Public Underwriters

Dina S Wade
NOTARY PUBLIC
My Commission Expires: 5|22|09

**STATE OF ALABAMA** )

**MONTGOMERY COUNTY** )

Before me, the undersigned authority, a Notary Public, in and for said State and County, on this 14th day of December, 2005, personally appeared John W. Goff, Sr., who, after being first duly sworn by me, deposes on oath and says that he has read this instrument, has been advised of and understands its nature and effect, and that he voluntarily executed the same.

[Notary Seal]

Melissa R. Linn
NOTARY PUBLIC
My Commission Expires: 12/16/06