IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN W. GOFF and GOFF GROUP, INC. <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX-DURANGO, LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> CV - 2006-00389-SRW |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS PHOENIX-DURANGO, LLC, JEREMIAH A. HENDERSON II, AND JEREMIAH A. HENDERSON III

COMES NOW Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III, defendants in the above-styled action, and for their answer to the First Amended Complaint and Request for Restraining Order, say as follows:

### FIRST DEFENSE

The First Amended Complaint and Request for Restraining Order ("First Amended Complaint"), and each and every count thereunder, fails to state a claim upon which relief can be granted as to these defendants.

### SECOND DEFENSE

In response to the factual allegations of the plaintiffs' First Amended Complaint[1], these defendants say as follows, their responses corresponding to the numbered paragraphs of the plaintiff's First Amended Complaint:

---

[1] Footnote 1 to the First Amended Complaint states that the amendment reflects "the deletion of Goff Group, Inc. as a party Plaintiff . . . ." Goff Group, Inc., however, is still a plaintiff in this case. It has not filed a Notice of Dismissal pursuant to Rule 41 of the Alabama or Federal Rules of Civil Procedure. Moreover, Goff Group, Inc. is the mortgagor of the Subject Property and the maker of the note secured by the mortgage.

1. Defendants admit that that Plaintiff John W. Goff ("Goff") maintains a residence in, and is a resident of, Montgomery County, Alabama, and is over the age of 19. Otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truthfulness of these allegations, and therefore deny them.

2. Defendants admit that Phoenix-Durango, LLC ("Phoenix-Durango"), is organized as a limited liability company under the laws of Delaware and that it holds a second mortgage on the Subject Property pursuant to a valid assignment of said mortgage by Community Bank & Trust. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

3. Defendants admit that Jeremiah A. Henderson II ("Henderson II") is a member of Phoenix-Durango. Defendants admit that Henderson II owns land in Troy, Alabama, but Defendants deny that Henderson II is a resident of Troy, Alabama. Henderson II is an adult resident of Houston, Texas. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

4. Defendants admit that Jeremiah A. Henderson III ("Henderson III") is a member of Phoenix-Durango. Defendants admit that Henderson III owns land in Troy, Alabama, but Defendants deny that Henderson III is a resident of Troy, Alabama. Henderson III is an adult resident of Rosemary Beach, Florida. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

5. This paragraph simply contains the plaintiffs' designation of fictitious party defendants and requires no response from these defendants. Plaintiffs' allegations in the remainder of the complaint as to fictitious defendants further do not require a response from these defendants, and therefore none is made. To the extent any such allegation against a

fictitious defendant requires a response from these defendants, these defendants are without knowledge or information sufficient to form a belief as to the truthfulness of those allegations, and therefore deny them.

6. Jurisdiction is proper for this action in the United States District Court for the Middle District, Northern Division, based upon diversity of citizenship of the parties and over $75,000 in controversy. Defendants admit that the Subject Property is located within Montgomery County, Alabama. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

7. Denied.

8. Defendants admit that Goff was formerly married to Anne Henderson Goff ("Anne"), and that, prior to Anne's marriage to Goff, Anne was married to Henderson II. Defendants admit that Anne and Henderson II had two sons, Reynolds and Henderson III, during their marriage. Defendants deny that Goff provided for Reynolds and Henderson III as if they were his own sons. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

9. Defendants admit that Anne sought a divorce from Goff in or around August 2005. Defendants admit that Anne and Goff reached a marital settlement of all assets and other divorce related issues. Defendants admit that Goff retained the land and office building on the Subject Property, and that Anne received some of the equity in a beach house in Watercolor, Florida. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

10. Defendants admit that Henderson II and Henderson III formed Phoenix-Durango, a limited liability company. Defendants admit that Phoenix-Durango purchased the second

mortgage and the promissory note on the Subject Property which is secured by the mortgage from Community Bank & Trust. Defendants admit that Phoenix-Durango began foreclosure proceedings against the Subject Property on or about March 20, 2006, without personal notice to Goff. Defendants deny that Phoenix-Durango was required by the mortgage instrument or by law to give personal notice to Goff or to Goff Group, Inc., of its intention to foreclose on the Subject Property. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations regarding Goff's arrangement or past business relationship with Community Bank & Trust, and therefore deny them. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

11.   Defendants admit that Judge Price, in the Circuit Court of Montgomery County, Alabama, entered a temporary restraining order on March 24, 2006, prohibiting Phoenix-Durango from continuing with its foreclosure proceedings on the Subject Property. Defendants admit that the plaintiffs posted a $5,000 bond in the Circuit Court of Montgomery County, Alabama, and that a hearing was initially set for a preliminary injunction on April 3, 2006. Defendants deny acknowledging through their attorneys that the initial foreclosure was improper. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

12.   Defendants admit that Phoenix-Durango refused to accept Goff's check of $5,200.00. Defendants deny the money tendered by Goff would have brought the loan current. Defendants admit that they have requested Goff to bring the account current and have requested Goff to pay certain attorneys' fees due under the note secured by the mortgage. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

13. All allegations of this paragraph are denied.

14. Defendants admit Kay Bains called Art Leadingham, the holder of a junior mortgage. Defendants admit that Art Leadingham has served as Goff's accountant. Except as specifically admitted herein, Defendants deny the remaining allegations of this paragraph.

15. Defendants deny that the plaintiffs are entitled to the requested injunction to stop Phoenix-Durango from proceeding with foreclosure of the subject property, and assert that the plaintiffs wrongfully procured a temporary restraining order from the Circuit Court of Montgomery County, Alabama.

**Count One - Preliminary Injunctive Relief**

15. The statements of law, which are not pertinent to this case, set forth in this paragraph do not require an answer from these Defendants.

16. Denied.

17. Phoenix-Durango denies that it did not comply with the terms of the mortgage agreement in instituting foreclosure proceedings and the implication that the terms of the mortgage were ever altered. Otherwise, the statements of law set forth in this paragraph do not require an answer from these Defendants.

18. Denied.

19. Denied.

20. Denied.

21. Defendants deny that a foreclosure of the Subject Property is set for May 5, 2006.

**Count Two - Fraud**

22. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 21 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**Count Three - Tort of Outrage**

29. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 28 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

30. Denied.

**Count Four - Negligence**

31. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 30 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

32. Denied

**Count Five - Conspiracy**

33. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 32 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

34. Denied.

35. Denied.

**Count Six - Tortious Interference with Business Relations**

36. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 35 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

37. Denied.

38. Denied.

**Count Seven - Slander of Title**

39. These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 38 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

40. Denied.

41. Denied.

To the extent not specifically admitted herein, Phoenix-Durango denies each and every material averment of the First Amended Complaint and demands strict proof thereof.

**THIRD DEFENSE**

The plaintiffs' fraud claims are due to be dismissed for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**

The plaintiffs' negligence claims are barred by the doctrine of contributory negligence.

**FIFTH DEFENSE**

The plaintiffs' claims for relief are barred by the doctrine of laches and unclean hands and because the plaintiffs have not offered to do equity.

### SIXTH DEFENSE

Plaintiff John Goff is not entitled to any equitable relief because whatever interest, if any, he has in the mortgaged property was obtained for improper purposes and by improper means, and, as a result, the doctrine of unclean hands is applicable to him.

### SEVENTH DEFENSE

The plaintiffs have failed to mitigate their damages, if any.

### EIGHTH DEFENSE

These defendants deny that they are guilty of any negligent acts, fraudulent or malicious acts, or wantonness or willful conduct which proximately contributed to or caused the plaintiffs' alleged injuries or damages.

### NINTH DEFENSE

These defendants deny that the plaintiffs are entitled to compensatory or punitive damages from these Defendants in this action.

### TENTH DEFENSE

The plaintiffs have failed to allege conduct warranting imposition of exemplary or punitive damages against these Defendants under applicable state law.

### ELEVENTH DEFENSE

The plaintiffs have not been damaged by any conduct on the part of these defendants.

### TWELFTH DEFENSE

The plaintiffs' demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### THIRTEENTH DEFENSE

The plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the plaintiffs' claim for punitive damages is a claim that is penal in nature, entitling these defendants to the same procedural safeguards afforded to a criminal defendant under the Sixth Amendment.

### FOURTEENTH DEFENSE

The plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### FIFTEENTH DEFENSE

The plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature, but the burden of proof on the plaintiffs is less than the "beyond the reasonable doubt" standard required in criminal cases.

### SIXTEENTH DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty and property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

## SEVENTEENTH DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, but the burden of proof on the plaintiff is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## EIGHTEENTH DEFENSE

These defendants avers that any award of punitive damages to the plaintiffs in this case will violate the constitutional safeguards provided to these defendants, based upon the following grounds:

    a.    There is a lack of reasonable standards necessary to instruct the jury on the propriety and the amount of any punitive damage award;

    b.    The power and authority of the jury under Alabama law to decide the amount of a punitive damage award is so unfettered that there is lacking any reasonable logic or standard, uniformity, criteria, or guidance in the assessment of the amount of the award of punitive damage;

    c.    Alabama procedures, pursuant to which amounts of punitive damages are awarded, are unconstitutionally void for vagueness.

## NINETEENTH DEFENSE

Defendants give notice that they will rely upon such other and further defenses as may become apparent during the course of this action.

/s/Vernon L. Wells, II

        /s/C. Ellis Brazeal

        Attorneys for Defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of May, 2006, I electronically filed the foregoing ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES BY PHOENIX-DURANGO, LLC, JEREMIAH A. HENDERSON II, AND JEREMIAH A. HENDERSON III with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III
Haskell, Slaughter, Young & Gallion, LLC
305 South Lawrence Street
PO Box 4660
Montgomery, Alabama 36103-4660

        /s/ Vernon L. Wells, II