IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GOFF GROUP, INC., et al.

        Plaintiffs,

v.

PHOENIX-DURANGO, LLC, et al.,

        Defendants,

v.

GOFF GROUP, INC.; JOHN W. GOFF;
COMPANION PROPERTY &
CASUALTY INSURANCE COMPANY;
ARTHUR M. LEADINGHAM, JR.;
ROBERT M. BOWICK; WILLIAM
JOSEPH DUNCAN; UNITED STATES
OF AMERICA; SUNTRUST BANK;
ATKINSON, HASKINS, NELLIS,
HOLEMAN, BRITTINGHAM; AAA
GROUNDSKEEPERS; MBNA
AMERICA BANK; GE CAPITAL
CORPORATION; STATE OF
ALABAMA; KEMMONS WILSON,
INC.; MEADOW BROOK NORTH,
LLC; WILLIS OF NORTH AMERICA;
GREENWICH INSURANCE
COMPANY; XL SPECIALTY GROUP;
STUART ALLAN & ASSOCIATES,
INC.; and CAMERON M. HARRIS &
CO., INC.,

        Counterclaim Defendants.

CIVIL ACTION NO.
CV - 2006-00389-SRW

## AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIM OF DEFENDANT PHOENIX-DURANGO, LLC

COMES NOW Phoenix-Durango, LLC, defendant in the above-styled action, and amends its Answer[1] to add the following counterclaim for declaratory and equitable relief against the Plaintiffs, John W. Goff and Goff Group, Inc., and additional counterclaim defendants NAMES OF JUNIOR LIENHOLDERS ONCE FINALIZED.

### FIRST DEFENSE

The First Amended Complaint and Request for Restraining Order ("First Amended Complaint"), and each and every count thereunder, fails to state a claim upon which relief can be granted as to these defendants.

### SECOND DEFENSE

In response to the factual allegations of the plaintiffs' First Amended Complaint[2], these defendants say as follows, their responses corresponding to the numbered paragraphs of the plaintiff's First Amended Complaint:

1.      Defendants admit that that Plaintiff John W. Goff ("Goff") maintains a residence in, and is a resident of, Montgomery County, Alabama, and is over the age of 19.  Otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truthfulness of these allegations, and therefore deny them.

2.      Defendants admit that Phoenix-Durango, LLC ("Phoenix-Durango"), is organized as a limited liability company under the laws of Delaware and that it holds a second mortgage on the Subject Property pursuant to a valid assignment of said mortgage by Community Bank &

---

[1]  Phoenix-Durango, LLC, jointly filed an Answer with the two other defendants in this action, Jeremiah A. Henderson II and Jeremiah A. Henderson III, on May 5, 2006. *See* Answer attached as Exhibit A.  This Amended Answer is filed only by Phoenix-Durango.  Jeremiah A. Henderson II and Jeremiah A. Henderson III assert the original Answer as their Answer to Plaintiffs' First Amended Complaint.

[2]  Footnote 1 to the First Amended Complaint states that the amendment reflects "the deletion of Goff Group, Inc. as a party Plaintiff . . . ."  Goff Group, Inc., however, is still a plaintiff in this case.  It has not filed a Notice of

Trust.  Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

3.      Defendants admit that Jeremiah A. Henderson II ("Henderson II") is a member of Phoenix-Durango.  Defendants admit that Henderson II owns land in Troy, Alabama, but Defendants deny that Henderson II is a resident of Troy, Alabama.  Henderson II is an adult resident of Houston, Texas.  Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

4.      Defendants admit that Jeremiah A. Henderson III ("Henderson III") is a member of Phoenix-Durango.  Defendants admit that Henderson III owns land in Troy, Alabama, but Defendants deny that Henderson III is a resident of Troy, Alabama.  Henderson III is an adult resident of Rosemary Beach, Florida.  Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

5.      This paragraph simply contains the plaintiffs' designation of fictitious party defendants and requires no response from these defendants.  Plaintiffs' allegations in the remainder of the complaint as to fictitious defendants further do not require a response from these defendants, and therefore none is made.  To the extent any such allegation against a fictitious defendant requires a response from these defendants, these defendants are without knowledge or information sufficient to form a belief as to the truthfulness of those allegations, and therefore deny them.

6.      Jurisdiction is proper for this action in the United States District Court for the Middle District, Northern Division, based upon diversity of citizenship of the parties and over $75,000 in controversy.  Defendants admit that the Subject Property is located within

---

Dismissal pursuant to Rule 41 of the Alabama or Federal Rules of Civil Procedure.  Moreover, Goff Group, Inc. is the mortgagor of the Subject Property and the maker of the note secured by the mortgage.

Montgomery County, Alabama. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

7.    Denied.

8.    Defendants admit that Goff was formerly married to Anne Henderson Goff ("Anne"), and that, prior to Anne's marriage to Goff, Anne was married to Henderson II. Defendants admit that Anne and Henderson II had two sons, Reynolds and Henderson III, during their marriage. Defendants deny that Goff provided for Reynolds and Henderson III as if they were his own sons. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

9.    Defendants admit that Anne sought a divorce from Goff in or around August 2005. Defendants admit that Anne and Goff reached a marital settlement of all assets and other divorce related issues. Defendants admit that Goff retained the land and office building on the Subject Property, and that Anne received some of the equity in a beach house in Watercolor, Florida. Except to the extent specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

10.    Defendants admit that Henderson II and Henderson III formed Phoenix-Durango, a limited liability company. Defendants admit that Phoenix-Durango purchased the second mortgage and the promissory note on the Subject Property which is secured by the mortgage from Community Bank & Trust. Defendants admit that Phoenix-Durango began foreclosure proceedings against the Subject Property on or about March 20, 2006, without personal notice to Goff. Defendants deny that Phoenix-Durango was required by the mortgage instrument or by law to give personal notice to Goff or to Goff Group, Inc., of its intention to foreclose on the Subject Property. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations regarding Goff's arrangement or past business

4

relationship with Community Bank & Trust, and therefore deny them. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

11.    Defendants admit that Judge Price, in the Circuit Court of Montgomery County, Alabama, entered a temporary restraining order on March 24, 2006, prohibiting Phoenix-Durango from continuing with its foreclosure proceedings on the Subject Property. Defendants admit that the plaintiffs posted a $5,000 bond in the Circuit Court of Montgomery County, Alabama, and that a hearing was initially set for a preliminary injunction on April 3, 2006. Defendants deny acknowledging through their attorneys that the initial foreclosure was improper. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

12.    Defendants admit that Phoenix-Durango refused to accept Goff's check of $5,200.00. Defendants deny the money tendered by Goff would have brought the loan current. Defendants admit that they have requested Goff to bring the account current and have requested Goff to pay certain attorneys' fees due under the note secured by the mortgage. Except as specifically admitted herein, Defendants deny the remaining material allegations of this paragraph.

13.    All allegations of this paragraph are denied.

14.    Defendants admit Kay Bains called Art Leadingham, the holder of a junior mortgage. Defendants admit that Art Leadingham has served as Goff's accountant. Except as specifically admitted herein, Defendants deny the remaining allegations of this paragraph.

15.    Defendants deny that the plaintiffs are entitled to the requested injunction to stop Phoenix-Durango from proceeding with foreclosure of the subject property, and assert that the plaintiffs wrongfully procured a temporary restraining order from the Circuit Court of Montgomery County, Alabama.

**Count One - Preliminary Injunctive Relief**

15.     The statements of law, which are not pertinent to this case, set forth in this paragraph do not require an answer from these Defendants.

16.     Denied.

17.     Phoenix-Durango denies that it did not comply with the terms of the mortgage agreement in instituting foreclosure proceedings and the implication that the terms of the mortgage were ever altered.  Otherwise, the statements of law set forth in this paragraph do not require an answer from these Defendants.

18.      Denied.

19.     Denied.

20.     Denied.

21.     Defendants deny that a foreclosure of the Subject Property is set for May 5, 2006.

**Count Two - Fraud**

22.     These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 21 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

**Count Three - Tort of Outrage**

29.    These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 28 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

30.    Denied.

**Count Four - Negligence**

31.    These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 30 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

32.    Denied

**Count Five - Conspiracy**

33.    These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 32 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

34.    Denied.

35.    Denied.

**Count Six - Tortious Interference with Business Relations**

36.    These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 35 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

37.    Denied.

38.    Denied.

### Count Seven - Slander of Title

39.    These defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 38 of the Plaintiffs' First Amended Complaint as if those responses were set forth fully at this point.

40.    Denied.

41.    Denied.

To the extent not specifically admitted herein, Phoenix-Durango denies each and every material averment of the First Amended Complaint and demands strict proof thereof.

### THIRD DEFENSE

The plaintiffs' fraud claims are due to be dismissed for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

The plaintiffs' negligence claims are barred by the doctrine of contributory negligence.

### FIFTH DEFENSE

The plaintiffs' claims for relief are barred by the doctrine of laches and unclean hands and because the plaintiffs have not offered to do equity.

### SIXTH DEFENSE

Plaintiff John Goff is not entitled to any equitable relief because whatever interest, if any, he has in the mortgaged property was obtained for improper purposes and by improper means, and, as a result, the doctrine of unclean hands is applicable to him.

### SEVENTH DEFENSE

The plaintiffs have failed to mitigate their damages, if any.

**EIGHTH DEFENSE**

These defendants deny that they are guilty of any negligent acts, fraudulent or malicious acts, or wantonness or willful conduct which proximately contributed to or caused the plaintiffs' alleged injuries or damages.

**NINTH DEFENSE**

These defendants deny that the plaintiffs are entitled to compensatory or punitive damages from these Defendants in this action.

**TENTH DEFENSE**

The plaintiffs have failed to allege conduct warranting imposition of exemplary or punitive damages against these Defendants under applicable state law.

**ELEVENTH DEFENSE**

The plaintiffs have not been damaged by any conduct on the part of these defendants.

**TWELFTH DEFENSE**

The plaintiffs' demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

**THIRTEENTH DEFENSE**

The plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the plaintiffs' claim for punitive damages is a claim that is penal in nature, entitling these defendants to the same procedural safeguards afforded to a criminal defendant under the Sixth Amendment.

### FOURTEENTH DEFENSE

The plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### FIFTEENTH DEFENSE

The plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature, but the burden of proof on the plaintiffs is less than the "beyond the reasonable doubt" standard required in criminal cases.

### SIXTEENTH DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty and property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### SEVENTEENTH DEFENSE

The plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, but the burden of proof on the plaintiff is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**EIGHTEENTH DEFENSE**

These defendants avers that any award of punitive damages to the plaintiffs in this case will violate the constitutional safeguards provided to these defendants, based upon the following grounds:

      a.    There is a lack of reasonable standards necessary to instruct the jury on the propriety and the amount of any punitive damage award;

      b.    The power and authority of the jury under Alabama law to decide the amount of a punitive damage award is so unfettered that there is lacking any reasonable logic or standard, uniformity, criteria, or guidance in the assessment of the amount of the award of punitive damage;

      c.    Alabama procedures, pursuant to which amounts of punitive damages are awarded, are unconstitutionally void for vagueness.

**NINETEENTH DEFENSE**

Defendants give notice that they will rely upon such other and further defenses as may become apparent during the course of this action.

**PHOENIX DURANGO'S COUNTERCLAIM**

**Parties**

1.    Defendant and Counterclaim Plaintiff Phoenix-Durango, LLC, is, and was at the time of the institution of this civil action, a limited liability company established under the laws of Delaware and which is, for purposes of diversity jurisdiction, considered to be a citizen of Texas and Florida, the states of which the only two members of Phoenix Durango, Jeremiah A. Henderson II and Jeremiah A. Henderson III, are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited

11

partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *see also Marshall Construction, LLC v. Climastor IV, LLC,* 2005 WL 1364942 (M.D. Ala. June 8, 2005) (applying same).

2.    Plaintiff and Counterclaim Defendant Goff Group, Inc. ("Goff Group") is, and was at the time of the institution of this civil action, a corporation organized under and by virtue of the laws of Alabama, with its principal place of business in Alabama.

3.    Plaintiff and Counterclaim Defendant John W. Goff ("Goff") is, and was at the time of the institution of this civil action, an individual who is a citizen and resident of the State of Alabama. Complaint ¶ 2.

4.    Counterclaim Defendant Companion Property & Casualty Insurance Company is, upon information and belief, a corporation organized and by virtue of the laws of the state of South Carolina, with its principal place of business in South Carolina, and which purports to hold a mortgage on the Subject Property.

5.    Counterclaim Defendant Arthur M. Leadingham, Jr., is an individual who, upon information and belief, is a citizen and resident of the State of Alabama and who purports to hold a mortgage on the Subject Property.

6.    Counterclaim Defendant Robert M. Bowick is an individual who, upon information and belief, is a citizen and resident of the State of Florida and who purports to hold a mortgage on the Subject Property.

7.    Counterclaim Defendant William Joseph Duncan is, upon information and belief, an individual who purports to hold a mortgage on the Subject Property.

8.    Counterclaim Defendant Suntrust Bank is, upon information and belief, a corporation organized under and by virtue of the state of Georgia, with its principal place of business in Georgia, and purports to hold a judgment lien against John W. Goff.

9.    Counterclaim Defendant Atkinson, Haskins, Nellis, Holeman, Brittingham, Gladd & Carwile purports to hold a judgment lien against John W. Goff.

10.    Counterclaim Defendant AAA Groundskeepers, LLC, is, upon information and belief, a limited liability company organized under and by virtue of the state of Alabama, with its principal place of business in Alabama, and which purports to hold a judgment lien against John W. Goff and Goff Group, Inc.

11.    Counterclaim Defendant MBNA America Bank N.A., is, upon information and belief, a corporation, organized under and by virtue of the State of Delaware, which purports to hold a judgment lien against John W. Goff.

12.    Counterclaim Defendant General Electric Capital Corporation is, upon information and belief, a corporation organized under and by virtue of the laws of the state of Delaware, with its principal place of business in Connecticut, and which purports to hold a judgment lien against Goff Group, Inc., and John W. Goff.

13.    Counterclaim Defendant State of Alabama, upon information and belief, filed a Notice of Lien for Taxes upon taxpayer Goff Group, Inc., on July 15, 2005, in Montgomery County, Alabama Probate Court at RLPY 3135 PG 0081. The Notice of Lien for Taxes was prepared by the Collection Services Division of the Alabama Department of Revenue.

14.    Counterclaim Defendant Kemmons Wilson, Inc., is, upon information and belief, a corporation organized under and by virtue of the laws of the state of Tennessee, with its principal place of business in Tennessee, and which purports to hold a judgment lien against Goff Group, Inc.

15.    Counterclaim Defendant Meadow Brook North, LLC, is, upon information and belief, a limited liability corporation organized under and by virtue of the laws of the state of

Delaware, with its principal place of business in Alabama, and which purports to hold a judgment lien against Goff Group, Inc.

16.    Counterclaim Defendant Willis of North America is, upon information and belief, a corporation, organized under and by virtue of the laws of Delaware, which purports to hold a judgment lien against Goff Group, Inc.

17.    Counterclaim Defendant Stuart Allan & Associates is, upon information and belief, a corporation organized under and by virtue of the laws of Arizona, with its principal place of business in Arizona, and which purports to hold a judgment lien against Goff Group, Inc.

18.    Counterclaim Defendant Greenwich Insurance Company is, upon information and belief, a corporation organized under and by virtue of the laws of California, with its principal place of business in Delaware, and which purports to hold a judgment lien against Goff Group, Inc.

19.    Counterclaim Defendant XL Specialty Insurance Company is, upon information and belief, a corporation organized under and by virtue of the laws of Illinois, with its principal place of business in Delaware, and which purports to hold a judgment lien against Goff Group, Inc.

20.    Counterclaim Defendant Cameron M. Harris & Co. is, upon information and belief, a corporation organized under and by virtue of the laws of North Carolina, and which purports to hold a judgment lien against Goff Group, Inc.

21.    Counterclaim Defendant United States of America, upon information and belief, filed a Notice of Federal Tax Lien upon taxpayers John W. and Anne Goff, listed residence of 3665 Oak Grove Cir., Montgomery, Alabama 36116-1174, on April 13, 2006, in the

Montgomery County, Alabama Probate Court at SEO 02006 PG 0887 UCC 351675. The Notice of Federal Tax Lien was prepared and signed in Dallas, Texas, on March 31, 2006.

### Jurisdiction

22.    Plaintiffs Goff and Goff Group instituted this civil action in the Circuit Court of Montgomery County, Alabama, on March 24, 2006, naming as a defendant Phoenix-Durango, LLC. Plaintiffs amended their complaint on April 25, 2006, adding additional defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III, the sole members of Phoenix-Durango.

23.    Phoenix-Durango removed this action from state court to this United States District Court on April 28, 2006, on the grounds that complete diversity of citizenship existed between all parties of interest in this action, and that the requisite amount in controversy was at stake in this action. *See* Notice of Removal.

24.    This Court has diversity jurisdiction over this action as stated by the First Amended Complaint pursuant to 28 U.S.C. § 1332.

25.    Likewise, this United States District Court has jurisdiction over this counterclaim. Specifically, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 because this counterclaim is "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In addition, because this counterclaim seeks to proceed with the foreclosure on the Subject Property that Plaintiffs' Complaint seeks to prevent, it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and is a compulsory counterclaim which must be asserted in this action pursuant to Federal Rule of Civil Procedure 13(a).

15

26.    Because Defendant Phoenix-Durango is asserting a compulsory counterclaim against Plaintiffs, parties over whom this Court has diversity jurisdiction, this Court also has supplemental jurisdiction over the additional counterclaim defendants. *See* 28 U.S.C.§ 1367(a).

**Factual Background**

27.    Phoenix-Durango realleges paragraphs 1 through 26 above as if set forth in full herein.

28.    Community Bank & Trust (CB&T) extended credit to Goff Group pursuant to that certain promissory note dated July 25, 2000, in the original principal amount of $648,915.24, a true and correct copy of which is attached as Exhibit B (the "Note") and incorporated herein by reference.

29.    The Note is secured by that certain Real Estate Mortgage dated July 25, 2000, from Goff Group, Inc., as mortgagor, to CB&T, as mortgagee, a true and correct copy of which is attached hereto as Exhibit C (the "Mortgage") and incorporated herein by reference.  The Mortgage is recorded in Real Property Book 2142, Pages 232-233, in the Office of the Judge of Probate of Montgomery County, Alabama (the "Judge of Probate").  In addition, John W. Goff personally guaranteed the Note in a Guaranty signed July 25, 2000, a true and correct copy of which is attached hereto as Exhibit D (the "Guaranty").

30.    Subsequently, the Note was renewed pursuant to Loan #400656502, executed by Goff Group, dated December 26, 2001, in the principal amount of $648,915.24; Loan # 401384301, executed by Goff Group, dated September 17, 2003, in the principal amount of $420,039.36; Loan # 700108011, executed by Goff Group, dated October 15, 2004, in the principal amount of $406,723.99; and Loan # 401384302, executed by Goff Group and John Goff, dated March 4, 2005, in the principal amount of $406,873.99.  True and correct copies of the Loans are attached as Exhibit E (the "Loans") and incorporated herein by reference.   Each

16

loan was personally guaranteed by John W. Goff. True and correct copies of the Guaranties are attached as Exhibit F (the "Loan Guaranties").

31.    Pursuant to a Note/Mortgage Assignment, as amended, CB&T assigned the Mortgage, the Note, all renewals of said Note, all subsequent advances made by CB&T to Goff Group, and all rights of CB&T under any security agreement given by Goff Group or Goff to secure such note to Phoenix-Durango.    The assignment is recorded in Real Property Book 03284, Page 0673 of the said probate court records.    True and correct copies of the Note/Mortgage Assignment, and amendment thereto, are attached hereto as Exhibit G.

32.    Goff Group defaulted under the Loan Documents for its failure to pay the Note in accordance with its terms, among other reasons. The Note required the borrower to pay the principal and interest each month until all principal and interest had been paid. *See* Exhibit B. The Note also provided the following as a term of default: "I will be in default if any one or more of the following occurs: (1) I fail to make a payment on time or in the amount due . . . ." *See* Exhibit B. The borrower, in turn, executed the Mortgage to "secure the prompt payment of said note when due." *See* Exhibit C. Goff Group has failed to make the payments on the indebtedness secured by the Mortgage as required of Goff Group under the Note and Mortgage. In fact, according to the loan records, Goff Group is delinquent for payments due November 15, 2005, January 15, 2006, February 15, 2006, March 15, 2006, April 15, 2006, and May 15, 2006.

33.    The Mortgage provides that "should Mortgagor fail to pay said note or either or any of them or any installment thereof at maturity, then all of said indebtedness shall become due and payable at once, whereupon, the said Mortgagee, its successors, assigns, agents or attorneys, are hereby authorized and empowered to sell said property hereby conveyed at auction for cash . . . ." *See* Exhibit B. Additionally, the Note provides that upon default, the Mortgagee may

"demand immediate payment of all [the borrower] owe[s] you under this note . . . [and] may use any remedy you have under state or federal law." *See* Exhibit C.

34.    As a result of Goff Group's default, Phoenix-Durango accelerated the Note and demanded payment in full of all amounts owed under the Note.   Goff Group has failed to pay the debt evidenced by the Note as demanded by Phoenix-Durango.

35.    As of May 2006, the total principal amount owed under the Note is $395,168.48. Additional amounts for interest and for costs of collection, including reasonable attorneys' fees and expenses, are owed by Goff Group to Phoenix-Durango under the Loan Documents.

**COUNT ONE - JUDICIAL FORECLOSURE**

36.    Phoenix-Durango repeats and realleges paragraphs 1 through 35 above as if set forth in full herein.

37.    As a result of the default of Goff Group, the Phoenix-Durango Mortgage, which is the second mortgage on the Subject Property, is due to be foreclosed and the Subject Property sold by this Court pursuant to a judicial foreclosure to satisfy the debt owed to Phoenix-Durango under the Note and Loan Documents.

38.    After the payment in full of the debt owed to Phoenix-Durango under the Loan Documents, the balance of the proceeds of the sale of the Subject Property by judicial foreclosure, if any, are to be paid to the junior lienholders, if any, and or Goff Group, as determined by this Court.

WHEREFORE, premises considered, Phoenix-Durango prays that this Court will (a) determine that Goff Group is in default under the Loan Documents and that the Phoenix-Durango is due to be foreclosed; (b) after due publication of the foreclosure sale, conduct a sale of the Subject Property to the highest bidder for cash; and (c) apply the proceeds of the sale of the Subject Property, first, to satisfy the debt owed to Phoenix-Durango under the Note and Loan

Documents, and, second, to any other parties as determined by this Court. Phoenix-Durango prays for such other and different relief that this Court deems appropriate.

## COUNT TWO - BREACH OF CONTRACT

39.    Phoenix-Durango repeats and realleges paragraphs 1 through 38 of this Counterclaim as if set forth in full herein.

40.    Due to the defaults under the Note and the Loan Documents, Goff Group is due to pay Phoenix-Durango all outstanding amounts that are owed under the Note and the Loan Documents. Additionally, due to the fact that John Goff personally signed the last Renewal Note with Loan # 401384302, and due to the fact that John Goff personally guaranteed the Note and each of the Loans, John Goff is also due to pay Phoenix-Durango all outstanding amounts that are owed under the Note and the Loan Documents.

41.    As of May 2006, the total principal amount owed under the Note and the Loan Documents is $395,168.48. Additional amounts for interest and for the costs of collection, including reasonable attorneys' fees and expenses, plus costs of this action, are owed by Goff Group under the Note and the Loan Documents and by John Goff as personal guarantor.

WHEREFORE, above premises considered, Phoenix-Durango prays that this Court will enter judgment against Counterclaim Defendants Goff Group, Inc., and John W. Goff and in favor of Phoenix-Durango for all outstanding amounts owed under the Note and the Loan Documents, including principal, plus all accrued and unpaid interest, plus costs of collection, including a reasonable attorneys' fee, and plus costs. Phoenix-Durango prays for such other and different relief that this Court deems appropriate.

Vernon L. Wells, II

_C. Ellis Brazeal_

C. Ellis Brazeal

Attorneys for Defendant Phoenix-Durango, LLC

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2006, I electronically filed the foregoing AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIM OF DEFENDANT PHOENIX-DURANGO, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III
Haskell, Slaughter, Young & Gallion, LLC
305 South Lawrence Street
PO Box 4660
Montgomery, Alabama 36103-4660

_Vernon L Wells II_

Of Counsel

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL, AS FOLLOWS:

S. David Parsons, Commissioner, Registered Agent for
Greenwich Insurance Company – Alabama Department of Insurance
201 Monroe Street, Suite 1700
Montgomery, AL 36130-3351

Richard Ball, Registered Agent
XL Specialty Insurance Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

The Corporation Company, Registered Agent
General Electric Capital Corporation
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

CSC Lawyers Incorporating Service, Inc., Registered Agent
Stuart Allan & Associates, Inc.
150 Perry Street
Montgomery, AL 36104

Garrett, James F. Insurance, Registered Agent
Companion Property & Casualty Insurance Company
184 Commerce Street
Montgomery, AL 36104

Daniel Realty Company, Registered Agent
Meadow Brook North, L.L.C.
3595 Grandview Parkway, Suite 400
Birmingham, AL 35243-1930

CSC Lawyers Incorporating Service, Inc., Registered Agent
Kemmons Wilson, Inc.
150 Perry Street
Montgomery, AL 36104

Jesse D. Burgher, Registered Agent
AAA Groundskeepers, L.L.C.
3519 Cloverdale Road
Montgomery, AL 36111

The Corporation Company, Registered Agent
SunTrust Bank
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Arthur M. Leadingham, Jr.
7001 Brockport Court
Montgomery, AL 36117-8617

D. David Parsons, Commissioner, Registered Agent for
Robert N. Bowick
322 Fox Den Court
Destin, FL 32541-4317

Michael P. Atkinson, Member of
Atkinson, Haskins, Nellis, Holeman, Brittingham
1500 ParkCentre
525 South Main Street
Tulsa, OK 74103-4524

CSC Corporation Service Company, Registered Agent
Cameron M. Harris & Co., Inc.
327 Hillsborough Street
Raleigh, NC 27603

Leura Garrett Canary
United States Attorney for Middle District of Alabama
One Court Square, Suite 201
Montgomery, AL 36104

Alberto R. Gonzales
Attorney General of the United States
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

G. Thomas Surtees, Commissioner of Revenue
Department of Revenue
50 North Ripley Street
Montgomery, AL 36132

Troy King, Alabama Attorney General
State of Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130

The Corporation Trust Company, Registered Agent
Willis of North America Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

MBNA America Bank (Delaware), Registered Agent
MBNA America Bank (Delaware)
1100 North King Street
Wilmington, DE 19884

William Joseph Duncan
c/o Southern Brokerage Services, Inc.
80 TechnaCenter Drive
Montgomery, AL  36117