IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN W. GOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 2:06cv389-SRW |
| | ) |
| PHOENIX-DURANGO, LLC; | ) |
| JEREMIAH A. HENDERSON, II; and | ) |
| JEREMIAH A. HENDERSON, III | ) |
| | ) |
| Defendants. | ) |

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND, WITH
MOTION FOR LEAVE AND EXTENSION OF TIME TO CONDUCT
JURISDICTIONAL DISCOVERY</u>**

COMES NOW Plaintiff, John W. Goff and offers the following Memorandum of Law in support of his pending Motion to Remand filed in the above-styled cause of action.

**I.     INTRODUCTION**

Plaintiff Goff is a resident of Montgomery, Alabama who filed suit in the Circuit Court of Montgomery County. Defendant Phoenix-Durango, LLC (hereinafter "Phoenix-Durango") is incorporated under the laws of Delaware and does business in Montgomery, Alabama. Defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III are known to do business and own property in Alabama and claim to be citizens of Texas and Florida, respectively. On April 28, 2006, Defendants removed this case from the Circuit Court of Montgomery County, Alabama to this Court based upon 28 U.S.C. § 1332. In support of their Notice of Removal, the Defendants offered that Phoenix-Durango is, for purposes of removal, a citizen of Texas and Florida, as they are the only two individuals

composing the limited liability company and they claim to be citizens of those states. *See generally Rolling Hills MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020 (11th. Cir. 2004).

## II.   STANDARD FOR REMAND

When presented with a motion to remand, the removing defendants have the burden to establish that federal jurisdiction exists. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Federal Courts are to construe removal statutes "strictly against removal and for remand." *Eastus v. Blue Bell Creamery, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). If there are any doubts about the propriety of removal, those doubts should be resolved against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Because federal courts are courts of limited jurisdiction, federal law favors remand of removed cases where federal jurisdiction is not absolutely clear. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In determining whether remand is appropriate, this court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981). The party invoking § 1332 diversity jurisdiction bears the burden of establishing "complete diversity" by a "preponderance of the evidence." *McDonald v. Equitable Life Ins. Co. of Iowa* 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998).

## III.   DOMICILE STANDARD

When considering diversity, it is necessary for the court to determine an

individual's domicile, rather than merely looking to the present residence of the individual. 13 F. Supp. 2d at 1280; *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th. Cir. Unit B June 1981). Domicile consists of physical presence within a state, and the "mental intent to make a home there indefinitely." 13 F. Supp. 2d at 1280; *Holyfield*, 490 U.S. at 48; *Texas v. Florida*, 306 U.S. 398, 424 (1989); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). In making this determination the court should consider "positive evidence and presumptions" as "aids for the court" that are not to "override the actual facts of the case." 13 F. Supp. 2d at 1281. There is a presumption that the state in which one resides at a given time is one's domicile. *See id.* A second presumption is that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *See id.* However, though these presumptions are helpful, they are to be used within the context of the actual facts of the case—objective facts that bear on an individual's "entire course of conduct." *See id.*

## IV.   DEFENDANTS' FAIL TO MEET REQUISITE STANDARDS

In support of removal the Defendants merely offer, without any evidentiary support, that they are citizens of Florida and Texas, respectfully. Notice of Removal ¶ 2. Given the significant burden the removing party bears, the Defendants' unsubstantiated claims fail to meet the requisite standards for removal. Furthermore, evidence exists suggesting that at least one of the Defendants is, for diversity jurisdiction purposes, a citizen of Alabama. Both Jeremiah A. Henderson II and Jeremiah A. Henderson III admit that they own land in Troy, Alabama. Answer ¶¶ 6, 7. In addition, there is at least

one listing with an address and phone number for a "Jere Henderson" (the name Jeremiah A. Henderson, II is known to go by) in Troy, Alabama. See Exhibit A. Also, given the extensive familial, personal, and real property connections the Defendants have within Alabama, particularly within Pike County, it is reasonable to assume that at least one of the Defendants has a domicile within Alabama for diversity purposes.

V.    CONCLUSION

Because the nature of diversity jurisdiction is limited and is a purely statutory right, it must be strictly construed to limit federal jurisdiction. See *Harris v. Huffco Petroleum Corp.*, 633 F. Supp. 250 (S.D. Ala. 1986). The Defendants unsubstantiated contention, which is seemingly contradictory to their admissions in the Answer, and the exhibit provided herewith, is insufficient to satisfy the significant burden that a removing party bears. Thus, this Honorable Court should remand this case, or, at the very least, grant the Plaintiff leave to conduct jurisdictional discovery, including but not limited to issuing written discovery and taking the Defendants depositions, so as to provide this Court with a satisfactory factual record from which it can make an informed decision regarding the complete diversity of the Defendants in this case.

> Respectfully submitted,
>
> \s\ Jamie A. Johnston
>
> _____
> Thomas T. Gallion, III (GAL010)
> Jamie A. Johnston (JOH164)

4

OF COUNSEL:

HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, AL 36103-4660
(334) 265-8573     Telephone
(334) 264-7945     Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Vernon L. Wells, II, Esq.
C. Ellis Brazeal, Esq.
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203

Kay K. Bains, Esq.
Bradley Arant Rose & White, LLP
1819 5th Avenue North
Birmingham, Alabama 35203

Wendell Cauley, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

\s\ Jamie A. Johnston
_____
OF COUNSEL

#20653
26934-008