IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN W. GOFF, ET AL., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. CV - 06-389-SRW |
| PHOENIX-DURANGO, LLC, ET AL., | |
| Defendants. | |

### PARTIAL OBJECTION TO PLAINTIFF'S MOTION FOR RELEASE OF FUNDS

COMES NOW Phoenix-Durango, LLC ("Phoenix-Durango"), defendant in the above-styled action, and, in response to Plaintiff John W. Goff's Motion for Release of Funds, says as follows:

1. On July 25, 2000, Community Bank & Trust (CB&T) extended credit to Goff Group, Inc. ("Goff Group"), pursuant to a certain promissory note which was secured by a certain Real Estate Mortgage dated July 25, 2000, from Goff Group, as mortgagor, to CB&T, as mortgagee. John W. Goff personally guaranteed the Note in a Guaranty signed July 25, 2000.

2. Pursuant to a Note/Mortgage Assignment, CB&T assigned the Mortgage and the Note to Phoenix-Durango. Payments on the note were delinquent, and, thus, on March 20, 2006, Phoenix-Durango published the first of three weekly foreclosure notices in the Montgomery Advertiser as required by the language of the mortgage and section 35-10-8 of the Alabama Code.

3. Four days after publication of the <u>first</u> Notice of Foreclosure, Plaintiffs John W. Goff and Goff Group, Inc., filed a Complaint for Temporary Restraining Order and Other Relief against Phoenix-Durango in the Circuit Court of Montgomery County, Alabama, seeking to

restrain Phoenix-Durango from foreclosing on the property. Plaintiffs alleged that the Mortgage required ten days notice to the mortgagee before initiating foreclosure proceedings. Montgomery County Circuit Judge Charles Price granted the Temporary Restraining Order, setting the bond at Five Thousand Dollars ($5,000) and setting a hearing for a Preliminary Injunction on April 3, 2006. On April 7, 2006, Plaintiffs deposited $5,000.00 with the Circuit Court of Montgomery County, Alabama, as security for the defendant's costs in the event it was determined that the Temporary Restraining Order had been wrongfully obtained by Plaintiffs. Plaintiff also "interpled" $5,200.00 with the Circuit Clerk, allegedly to bring the amount owed on the mortgage current.

4. Prior to the hearing on the Preliminary Injunction, counsel for Plaintiffs and Phoenix-Durango met and agreed that Phoenix-Durango would provide Plaintiffs with ten days notice (effective that day) before publishing the first of the three required foreclosure notices and that, as a result, the Temporary Restraining Order could be dissolved. Counsel for Phoenix-Durango <u>did not agree</u>, however, that the Mortgage actually required ten days notice to Plaintiffs prior to publication of the first Notice of Foreclosure <u>or</u> that the Temporary Restraining Order had been rightfully procured by Plaintiffs. *See* April 3, 2006, letter from David Hymer to Thomas Gallion, attached hereto as Exhibit A.

5. Phoenix-Durango maintains that the Notice of Foreclosure <u>was proper</u> and that the Temporary Restraining Order was improperly entered. Moreover, the issue of the legality of the foreclosure is the ultimate issue presented by Plaintiffs' Complaint and will be decided by this Honorable Court in its ultimate resolution of this case. In the event this Court determines that Phoenix-Durango's publication of its foreclosure notice was proper and that there were no proper grounds for the issuance of the Temporary Restraining Order by the Circuit Court of

2

Montgomery County, Phoenix-Durango will request a hearing to determine its damages recoverable from Plaintiffs' bond.

6. Because the Temporary Restraining Order was improperly entered, Phoenix-Durango objects to the Court releasing the $5,000 that was interpled to the Circuit Court of Montgomery County as required by Rule 65 of the Alabama and Federal Rules of Civil Procedure. Phoenix-Durango respectfully requests the opportunity to establish to this Court that the Temporary Restraining Order was wrongfully entered, that Phoenix-Durango suffered damages as a result of the wrongfully entered Temporary Restraining Order, and that the $5,000 interpled into the Montgomery County Circuit Court should be held to satisfy Phoenix-Durango's damages.

7. Phoenix-Durango does not object, however, to this Court issuing an order authorizing the release of the $5,200.00 which Plaintiffs "interpled" (deposited) with the Circuit Clerk, allegedly to bring amount owed by Plaintiffs on defendant Phoenix-Durango's mortgage current.

WHEREFORE, ABOVE PREMISES CONSIDERED, Phoenix-Durango requests this Honorable Court enter an Order denying the request within Plaintiffs' Motion for an Order releasing the $5,000 interpled as a bond until this Court has had an opportunity to determine if Phoenix-Durango properly began foreclosure proceedings, and, thus, was wrongfully enjoined and therefore entitled to recover its costs, damages, and reasonable attorneys' fees. Phoenix-Durango consents to this Court's granting Plaintiffs' motion only insofar as it seeks release of the "interpled" amount of $5,200.00.

s/Vernon L. Wells, II

s/C. Ellis Brazeal

                                            Attorneys for Defendant Phoenix-Durango, LLC

OF COUNSEL  
Walston, Wells & Birchall, LLP  
1819 5th Avenue North, Suite 1100  
Birmingham, Alabama 35203  
Telephone: (205) 244-5200  
Telecopier: (205) 244-5400  

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of May, 2006, I electronically filed the foregoing PARTIAL OBJECTION TO PLAINTIFF'S MOTION FOR RELEASE OF FUNDS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III  
Jamie A. Johnston  
Haskell, Slaughter, Young & Gallion, LLC  
305 South Lawrence Street  
P.O. Box 4660  
Montgomery, Alabama 36103-4660  

                                      s/Vernon L. Wells, II



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ALABAMA CENTER FOR COMMERCE
401 ADAMS AVENUE, SUITE 780
MONTGOMERY, AL 36104
334.956.7700   FAX 334.956.7701
WWW.BRADLEYARANT.COM

David G. Hymer

Direct Dial: 205.521.8289
Direct Fax: 205.488.6289
dhymer@bradleyarant.com

April 3, 2006


BY FACSIMILE AND HAND DELIVERY

Thomas T. Gallion, III, Esq.
Haskell Slaughter Young & Gallion, LLC
Post Office Box 4660
Montgomery, AL 36103-4660


RE: Foreclosure of Property Secured by Mortgage Dated July 25, 2000

Dear Tommy:

    This is to confirm our agreement reached at the hearing today by which our clients agreed to have the temporary restraining order dissolved. Phoenix-Durango, LLC agreed to provide your clients, Goff Group, Inc. and John W. Goff (collectively "Goff"), with ten days notice prior to beginning foreclosure proceedings on the property secured by the mortgage dated July 25, 2000. You agreed at the hearing that such notice has been provided as of today and that no further written notice would be necessary. I understand that you now have requested additional written notice, so please accept this letter as formal written notice on behalf of Phoenix-Durango that Goff is in default under the note and mortgage that was assigned to it by Community Bank & Trust and that Phoenix-Durango intends to proceed with the foreclosure of the property. We expect the first notice to appear in the *Montgomery Advertiser* on April 13, 2006, with a sale scheduled on or about May 4, 2006. This letter is sent to you as attorney for Goff.

    In accordance with the agreement we reached this morning, both Phoenix-Durango and Goff have reserved all claims and defenses they otherwise might have had relating to the property, and Phoenix-Durango specifically reserves its position and defense that personal notice was not required prior to foreclosure. Except as specifically discussed herein, the terms of the note, mortgage and other agreements between Goff and Community Bank & Trust that were assigned to Phoenix-Durango remain in full force and effect. Goff is in default under the terms of the note and mortgage, and pursuant to the terms of the note and mortgage, Phoenix-Durango hereby accelerates the entire debt and demands full payment thereof. The outstanding principal balance of that debt as of today's date is $395,168.48. Additionally, Goff owes accrued interest, late fees and attorney fees. Please let us know a date you will pay in full, and we will provide a total pay-off amount. Please be advised that Phoenix-Durango will not accept partial payment of the debt or other partial "cures," as it is not required to do so under the terms of the applicable documents.

1/1439564.1

BIRMINGHAM   HUNTSVILLE   JACKSON   MONTGOMERY   WASHINGTON, DC

**EXHIBIT A**

Thomas T. Gallion, III, Esq.
April 3, 2006
Page 2

    Finally, Jeremy Henderson has informed us that Mr. Goff has attempted to contact his mother since today's hearing. He has requested that we advise Mr. Goff that Jeremy's mother does not wish to discuss this matter with him and that he should refrain from any further attempts to contact her. In the event Mr. Goff continues to attempt to contact Jeremy's mother, please be advised that she will pursue any remedies available to her by law or pursuant to the terms of the order granting her a divorce from your client.

    Please let me know immediately if you believe that this letter recites incorrectly the agreement you and I reached this morning. Also let me know if for any reason you believe that this letter fails to satisfy any notice requirement your client believes to be applicable.

                                     Sincerely yours,

                                     David G. Hymer

/vlt
cc:    Thomas G. Mancuso, Esq.
       (via facsimile)

1/1439564.1