IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GOFF GROUP, INC., et al., | * |
| Plaintiffs, | * |
| v. | * |
| PHOENIX-DURANGO, LLC., et al., | * |
| Defendants, | *  Civil Action No. 2:06-cv-00389-MEF |
| v. | * |
| GOFF GROUP, INC.; JOHN W. GOFF; COMPANION PROPERTY & CASUALTY INSURANCE COMPANY; et al., | * |
| Counterclaim Defendants. | * |

**MOTION TO DISMISS**

COMES NOW the Counterclaim Defendant Companion Property & Casualty Insurance Company and files this motion to dismiss on the following grounds:

1. This matter was initiated by the filing of a complaint by Goff Group Inc., et al., against Phoenix-Durango, LLC. Phoenix-Durango, LLC has attempted to foreclosure on certain real property identified in its counterclaim. Phoenix-Durango, LLC has filed third party complaints against various entities asserting that each maintains an inferior lien position on the subject property.

2. Attached as Exhibit "A" to this motion is a copy of a letter from Karen S. Staples, counsel for Phoenix-Durango, LLC. Attached as Exhibit "B" to this motion is a copy of the mortgage which Phoenix-Durango, LLC purchased that includes a description of the property

which is the subject of Phoenix-Durango, LLC's judicial foreclosure counterclaim against Goff. The security interest in question is alleged in the complaint and, therefore, these documents are properly considered by the Court in ruling on this motion to dismiss.

3. The mortgage interest maintained by Phoenix-Durango, LLC is limited to Lot 1-A, Block A. Although Companion does assert a security interest in certain other properties, no claim is made to that specific real property described which is the subject of the Phoenix-Durango, LLC judicial foreclosure as set forth in Exhibits "A" and "B".

4. Companion does, in fact, claim a mortgage interest in certain property as reflected in the Corporation Mortgage attached as Exhibit "C" to this motion. However, Phoenix-Durango, LLC has stipulated that it is not claiming a security interest in this property as part of this proceeding and thus has agreed that Companion is not a proper party defendant to this action.

WHEREFORE, Companion requests that this Court grant its motion dismissing the complaint against Companion without prejudice.

Respectfully submitted,

s/F. Chadwick Morriss
F. Chadwick Morriss
Attorney for Counterclaim Defendant Companion
Property & Casualty Insurance Company

F. Chadwick Morriss (ASB-8504-S75F)
Alan T. Hargrove, Jr. (ASB-7018-H46A)
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: FCM@rsjg.com (Morriss)
Email: ATH@rsjg.com (Hargrove)

2

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 18, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jason James Baird, Paul L. Beckman, Jr., Clyde Ellis Brazeal, III, Issac Ripon Britton, Jr., Donald Christopher Carson, Patricia Allen Conover, Winston Whitehead Edwards, Thomas T. Gallion, III, David Cushing Hilyer, Jamie Austin Johnston, Paul Kenneth Lavelle, George Marion (Jack) Neal, Jr., Anthony Ryan Smith, Janine L. Smith, and Vernon L. Wells, II**, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Michael J. Ernst**
Stokes, Lazarus & Carmichael, LLP
80 Peachtree Park Drive, NE
Atlanta, GA 30309-1320

**Lewis B. Hickman, Jr**
915 S. Hull Street
Montgomery, AL 36104

**Kemmons Wilson, Inc.**
CSC Lawyers Incorporating Service, Inc.
Registered Agent
150 Perry Street
Montgomery, AL 36104

**MBNA America Bank**
MBNA America Bank (Delaware)
Registered Agent, MBNA America Bank (Delaware)
1100 North King Street
Wilmington, DE 19884

**Meadow Brook North, LLC**
3595 Grandview Parkway, Suite 400
Birmingham, AL 35243-1930

**State of Alabama**
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130

**Stuart Allan & Associates, Inc.**
CSC Lawyers Incorporating Service, Inc.
Registered Agent
150 Perry Street
Montgomery, AL 36104

Respectfully submitted,

s/F. Chadwick Morriss
F. Chadwick Morriss
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: FCM@rsjg.com
ASB-8504-S75F

3

# Walston Wells

WALSTON WELLS & BIRCHALL, LLP

P.O. Box 830642 • Birmingham, Alabama 35283-0642

Karon S. Staples
(205) 244-5327
Facsimile: (205) 244-5527
kstaples@walstonwells.com



June 21, 2006

**FIRST-CLASS MAIL**

Chad Morriss
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, Alabama 36104

    RE:   *Goff v. Phoenix-Durango, et al.*

Dear Chad:

    Pursuant to our telephone conversation yesterday afternoon, I am enclosing a copy of Community Bank & Trust's Mortgage, the mortgage which Phoenix-Durango purchased, which includes a description of the property which is the subject of Phoenix-Durango's judicial foreclosure counterclaim.

    According to our review of the documents, John Goff owns three neighboring parcels, "Lot 1-A, Block A", the "3.722 acre parcel", and the "2.182 acre parcel." You will note all three parcels are referred to in Goff Group, Inc.'s January 31, 2005, Warranty Deed to John Goff, a copy of which I have also enclosed. Phoenix-Durango's mortgage is on Lot 1-A, Block A only. Although we have not seen Companion's mortgage, the Warranty Deed to John Goff indicates that Companion's mortgage is on the 3.733 acre parcel and the 2.182 acre parcel. This is consistent with the title report we recently received on Lot 1-A, Block A, which does <u>not</u> show Companion as a mortgagor on Lot 1-A, Block A.

    If you have any questions after reviewing this letter or the attached documents, please give Vernon or myself a call.

                             Sincerely,

                             *Karon Staples*

                             Karon S. Staples

KSS/
cc:   Vernon L. Wells, II
       C. Ellis Brazeal

## COR ORATION MORTGAGE

RLPT 2 1 4 2 PAGE U 2 3 2

**EXHIBIT B**

STATE OF ALABAMA
COUNTY OF MONTGOMERY

    KNOW ALL MEN BY THESE PRESENTS, that, whereas, Goff Group, Inc., f/k/a Goff N.B.A., Inc., is justly indebted to Community Bank & Trust - Alabama, hereinafter referred to as MORTGAGEE, in the principal sum of Six Hundred Forty Thousand Nine Hundred Fifteen and 24/100 DOLLARS ($648,915.24), as evidenced by its promissory note bearing even date herewith.

    NOW, in order to secure the prompt payment of said note when due, the said Goff Group, Inc., f/k/a Goff N.B.A., Inc., hereinafter referred to as MORTGAGOR, for and in consideration of the premises, and the sum of Five Dollars ($5.00) to the undersigned this day in hand paid by the said Mortgagee, the receipt whereof is hereby acknowledged, does hereby GRANT, BARGAIN, SELL and CONVEY to the said Mortgagee the following described real estate lying and being situated in Montgomery County, State of Alabama, to-wit:

    Lot 1-A, Block A, according to the Map of Technacenter Plat No. 2, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 41, at Page 150.

    TO HAVE AND TO HOLD the aforegranted premises, together with the improvements and appurtenances thereunto belonging, unto the said Mortgagee, its successors and assigns, FOREVER.

    Said Mortgagor does hereby covenant with the said Mortgagee, its successors and assigns, that the Mortgagor is lawfully seized in fee of said premises; that they are free of and from all encumbrances, except as of record; and that Mortgagor will warrant and forever defend the same against the lawful claims and demands of all persons.

    THIS CONVEYANCE IS MADE UPON THE FOLLOWING CONDITIONS, NEVERTHELESS: If Mortgagor shall well and truly pay, or cause to be paid, the said note, and each and all of them, and each and every installment thereof, and interest thereon, when due, then this conveyance shall become null and void. But should Mortgagor fail to pay said note or either or any of them or any installment thereof at maturity, then all of said indebtedness shall become due and payable at once, whereupon, the said Mortgagee, its successors, assigns, agents or attorneys, are hereby authorized and empowered to sell the said property hereby conveyed at auction for cash, at the Montgomery County Courthouse door in the City of Montgomery, Alabama, first having given notice thereof for three (3) successive weeks by publication in any newspaper then published in said City, and execute proper conveyance to the purchaser and out of the proceeds of said sale, the Mortgagee shall first pay all expenses incident thereto, together with a reasonable attorney's fee, then retain enough to pay said note and interest thereon and any sums advanced by Mortgagee for taxes, insurance or assessments, and the balance if any, pay over to the Mortgagor.

    In the event of such sale, the said Mortgagee, its successors, assigns, agents or attorneys are hereby authorized and empowered to purchase the said property the same as if they were strangers to this conveyance, and the auctioneer or person making the sale is hereby empowered and directed to make and execute a deed to the purchaser in the name of the Mortgagor.

    It is also agreed that in case the Mortgagee herein, its successors and assigns, sees fit to foreclose the Mortgage in a court having jurisdiction thereof, Mortgagor will pay a reasonable attorney's fee therefore, which fee shall be and constitute a part of the debt hereby secured.

    Mortgagor further represents and declares to said Mortgagee that the title to said real estate is in Mortgagor's own right, and that the representations herein made as to title and encumbrances are so made with the intent and for the purpose of inducing this loan.

DEFENDANT'S EXH. 2

REPT2142 PAGE0233

Mortgagor further ~~especially~~ waives all exemptions which Mortgagor now or hereafter may be entitled to under the Constitution and Laws of the State of Alabama in regard to the collection of the above debt.

Mortgagor further agrees to keep said property insured against fire and windstorm in good and responsible companies acceptable to Mortgagee for not less than $250,100.00 and have each such policy payable to said Mortgagee, as its interest may appear in said property, and deliver the same to Mortgagee; and should Mortgagor fail to insure said property, then Mortgagee is hereby authorized to do so, and the premiums so paid by Mortgagee shall be and constitute a part of the debt secured hereby.

The Mortgagor herein agrees to pay all taxes and assessments, general or special, levied upon the real estate herein conveyed before the same become delinquent; should Mortgagor fail to pay any such taxes or assessments, then Mortgagee is authorized to do so, and such payments shall thereupon constitute a part of the debt secured hereby.

It is further understood that should the Mortgagor fail to pay said taxes and assessments, or insure the property, as hereinabove stipulated, the Mortgagee may do so, and thereupon declare the whole debt secured by this Mortgage to be due and payable, and proceed to foreclose at once, as hereinabove provided with respect to foreclosure of this mortgage.

IN WITNESS WHEREOF, the undersigned has executed this mortgage this the 25th day of July, 2000.

WITNESS:

Goff Group, Inc.,
f/k/a Goff N.B.A., Inc.

X _____
John W. Goff, President

STATE OF ALABAMA
COUNTY OF MONTGOMERY

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that John W. Goff, whose name as President of Goff Group, Inc., f/k/a Goff N.B.A., Inc., is signed to the foregoing document, and who are known to me, acknowledged before me on this day, that, being informed of the contents of said instrument, he, executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this 25th day of July, 2000.

(SEAL)

Notary Public
My Commission Expires: 8/26/2002

This Instrument Prepared By:
Robert B. Crumpton, Jr.
Crumpton & Associates, L.L.C.
2000 Interstate Park Drive
Montgomery, AL  36109

STATE OF ALABAMA
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON

2000 AUG 16  PM 3:45

REESE McKINNEY, JR.
JUDGE OF PROBATE

| | |
|---|---:|
| INDEX | 5.00 |
| REC FEE | 1.00 |
| REC FEE | 5.00 |
| MRTG TAX | 973.50 |
| CASH | 984.50 |
| ITEM 4 | |
| 08-16-00 WED #0 | 1 CLERK 7463 15:41TH |

-2-

STATE OF ALABAMA
COUNTY OF MONTGOMERY



## CORPORATION MORTGAGE

    KNOW ALL MEN BY THESE PRESENTS: THAT WHEREAS, **GOFF GROUP, INC.**, an Alabama corporation, (hereinafter called "Mortgagor") is justly indebted to **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**, a South Carolina corporation (hereinafter called "Mortgagee") in the principal sum of Seven Hundred Thousand and 00/100 ($700,000.00) DOLLARS, with interest thereon resulting from the obligations of Mortgagor to Mortgagee as evidenced by that certain Service Agreement dated June 1, 2002, as amended, and that certain Service Agreement dated September 1, 2002, as amended (collectively, the "Service Agreements") and payable as follows, to-wit: as stated in the Service Agreements.

    NOW, in order to secure the prompt payment of said obligation, when due, the said GOFF GROUP, INC., for and in consideration of the premises, and the sum of Five Dollars to the undersigned this day in hand paid by the said Mortgagee, the receipt whereof is hereby acknowledged, does hereby Grant, Bargain, Sell and Convey to the said Mortgagee, its successors and assigns, the following described real estate lying and being situated in Montgomery County, State of Alabama, to-wit:

See attached Exhibit "A"

    TO HAVE AND TO HOLD the aforegranted premises, together with the improvements and appurtenances thereunto belonging, unto the said Mortgagee, its successors and assigns FOREVER.

    And said Mortgagor does hereby covenant with the said Mortgagee, its successors and assigns, that Mortgagor is lawfully seized in fee of said premises; that they are free of and from all encumbrances, except as stated in the title commitment; and that Mortgagor will warrant and forever defend the same against the lawful claims and demands of all persons.

    BUT THIS CONVEYANCE IS MADE UPON THE FOLLOWING CONDITIONS, NEVERTHELESS, that is to say: If Mortgagor shall well and truly pay, or cause to be paid, the Service Agreements, and each and all of them, and each and every installment thereof, and interest thereon, when due, then this conveyance shall become null and void. But should Mortgagor fail to pay the Service Agreements or either or any of them, or any installment thereof at maturity, then all of said indebtedness shall become due and payable at once, whereupon the said Mortgagee, its successors and assigns, personal representatives, agents or attorneys, are hereby authorized and empowered to sell the said property hereby conveyed at auction for cash, at the Montgomery County Courthouse Door in the City of Montgomery, Alabama, first having given notice thereof for three (3) weeks by publication in any newspaper then published in said

City, and execute proper conveyance to the purchaser, and out of the proceeds of said sale the Mortgagee shall first pay all expenses incident thereto, together with a reasonable attorney's fee, then retain enough to pay the Service Agreements and interest thereon, and any sums advanced by Mortgagee for delinquent taxes, assessments or insurance premiums, and the balance, if any, pay over to the Mortgagor.

In the event of such sale, the said Mortgagee, its successors, assigns, agents or attorneys are hereby authorized and empowered to purchase the said property the same as if they were strangers to this conveyance, and the auctioneer or person making the sale is hereby empowered and directed to make and execute a deed to the purchaser in the name of the Mortgagor.

And it is also agreed that in case the Mortgagee, herein, its successors and assigns, see fit to foreclose this mortgage in a court having jurisdiction thereof, Mortgagor will pay a reasonable attorney's fee therefor, which fee shall be and constitute a part of the debt hereby secured.

Mortgagor further represents and declares to said Mortgagee that the title to said real estate is in Mortgagor's own right, and that the representations herein made as to the title and encumbrances are so made with the intent and for the purpose of inducing this loan.

Mortgagor further specially waives all exemptions which Mortgagor now or hereinafter may be entitled to under the Constitution and Laws of the State of Alabama in regard to the collection of the above debt.

If all or any part of the property or any interest therein is sold or transferred by the Mortgagor without the Mortgagee's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this mortgage, (b) a transfer by devise, descent or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of three years or less not containing an option to purchase, Mortgagee may, at its option, declare all of the sums secured by this mortgage to be immediately due and payable.  Should Mortgagee choose to consent to a sale or transfer, the consent shall be in writing, and signed by the Mortgagee and the person to whom the real estate is to be sold or transferred.  Unless otherwise agreed in writing, original Mortgagor shall remain liable to the Mortgagee and the interest rate shall remain the same as the rate prior to the sale or transfer.

Mortgagor further agrees to keep said property insured against fire and windstorm in good and responsible companies acceptable to Mortgagee for not less than amounts reasonably required by Mortgagee and have each such policy payable to said Mortgagee, as its interest may appear in said property, and deliver the same to Mortgagee; and should Mortgagor fail to insure said property, then Mortgagee hereby authorized to do so, and the premiums so paid by Mortgagee shall be and constitute a part of the debt secured hereby.

The Mortgagor herein agrees to pay all taxes and assessments, general or special, levied upon the real estate herein conveyed before the same become delinquent; should Mortgagor fail to pay any of such taxes or assessments, then Mortgagee is authorized to do so, and any such payments shall thereupon constitute a part of the debt secured hereby.

And it is further understood that should the Mortgagor fail to pay said taxes and assessments, or insure the property, as hereinabove stipulated, the Mortgagee may do so, and thereupon declare the whole debt secured by this mortgage to be due and payable, and proceed to foreclose at once, as hereinabove provided with respect to foreclosure of this mortgage.

IN WITNESS WHEREOF, GOFF GROUP, INC., an Alabama corporation, has caused this instrument to be executed by John W. Goff, its duly authorized President and its corporate seal of said corporation to be hereunto affixed, as of this 19th day of February, 2004.

GOFF GROUP, INC.

By: _____
John W. Goff
Its President

STATE OF ALABAMA)
COUNTY OF MONTGOMERY)

I, the undersigned authority, a Notary Public, in and for said county in said state, hereby certify that John W. Goff, whose name as President of Goff Group, Inc., is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation on the day same bears date.

Given under my hand and official seal of office this 19th day of February, 2004.

(S E A L)

_____
Notary Public  William L Eskridge
My Commission Expires: 8-29-07

This instrument prepared by:
George W. Thomas, Esquire
KAUFMAN & ROTHFEDER, P.C.
Post Office Drawer 4540
Montgomery, Alabama 36103-4540
(334) 244-1111 (FAX) 244-1969
S:\Client-Matters\5254\2001\Companion Mortgage.wpd
L:\RSJG Dir\Confidential\Clients\RE\GENERAL RE\Commercial\Properties\Mortgages\Goff Companion Mortgage.doc

3

EXHIBIT "A"

## PARCEL I:

Begin at the Southeast corner of Lot 1-A, Technacenter Plat No. 2, as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 41, at Page 150, said point also being the Point of Beginning; thence run N 03° 52' 00" W, 547.86 feet to a point; thence run N 86°08' 00" E, 268.95 feet to a point lying in the centerline of a creek (Carter Creek); thence run along the meandering of said creek, more or less, the following four (4) courses and distances: (1) S 08° 36' 53" E, 181.88 feet, (2) S 16°16' 25" E, 135.59 feet, (3) S 00° 35' 42" E, 140.21 feet, (4) S 00° 21' 53" E, 94.37 feet to a point lying on the north right of way of Atlanta Highway (US Highway 80); thence run along said right of way S 86° 08' 00" W, 299.37 feet to the point of beginning.

Said described parcel of land lying and being situated in the East Half of Section 14, T-16-N, R-19-E, Montgomery County, Alabama, and contains 3.722 acres, more or less.

## PARCEL II:

Begin at the Northeast corner of Lot 1-B, Block A, Technacenter Plat No. 2, as recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 41, at Page 150, said point also being the Point of Beginning; thence run N 86° 08' 00" E, 271.57 feet to a point lying in the centerline of a creek (Carter Creek); thence run along the meandering of said creek, more or less, the following four (4) courses and distances: (1) S 12° 43' 01" E, 99.18 feet, (2) S 06° 32' 03" W, 117.32 feet, (3) S 12° 37' 48" W, 83.96 feet, (4) S 28° 51' 01" E, 64.26 feet to a point; thence leaving said centerline of creek run S 86° 08' 00" W, 268.95 feet to a point; thence run N 03° 52' 00" W, 352.14 feet to the Point of Beginning.

Said described parcel of land lying and being situated in the East Half of Section 14, T-16-N, R-19-E, Montgomery County, Alabama, and contains 2.182 acres, more or less.

| | |
|---|---|
| INDEX | 5.00 |
| RECORD FEE | 1.00 |
| RECORD FEE | 10.00 |
| MORTGAGE TAX | 1050.00 |
| CASH | 1066.00 |
| ITEM | 4 |
| 02-19-2004 #1 ICL | 9483 12:10TH |

STATE OF ALABAMA
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON

2004 FEB 19 AM 11: 19

REESE McKINNEY, JR.
JUDGE OF PROBATE

4