**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOHN W. GOFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO.: 2:06cv389-SRW |
| | ) |
| PHOENIX-DURANGO, LLC; | ) |
| JEREMIAH A. HENDERSON, II; and | ) |
| JEREMIAH A. HENDERSON, III | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RENEWED OBJECTION TO
PLAINTIFF'S MOTION TO REMAND WITH MOTION FOR LEAVE AND
EXTENSION OF TIME TO CONDUCT JURISDICTIONAL DISCOVERY**

COMES NOW the Plaintiff John W. Goff, by and through his attorney, and in support of his Motion to Remand, With Motion For Leave and Extension of Time to Conduct Jurisdictional Discovery filed in the above-styled cause of action, offers the following reply to Defendants' Response to Plaintiff's Motion to Remand, with Motion to Leave and Extension of Time to Conduct Jurisdictional Discovery.

**I.  INTRODUCTION**

This cause is before the Court on a Motion to Remand, With Motion for Leave and Extension of Time to Conduct Jurisdictional Discovery. On April 28, 2006, Defendants removed this case from the Circuit Court of Montgomery County, Alabama to this Court based upon 28 U.S.C. § 1332. On May 26, 2006, Plaintiff John W. Goff, a resident of Alabama, filed a Motion to Remand, With Motion for Leave and Extension of Time to Conduct Jurisdictional Discovery. On June 8, 2006, Defendants filed an Objection to Plaintiff's Motion to Remand. On June 14, 2006, Plaintiff filed a Notice of

Filing Evidentiary Materials. On July 24, 2006, Defendants filed a Renewed Objection to Plaintiff's Motion to Remand.

The Plaintiff contends in the Motion to Remand, With Motion for Leave and Extension of Time to Conduct Jurisdictional Discovery and the supporting documents filed simultaneously therewith that diversity jurisdiction does not exist in the present case because the Plaintiff and Defendants Jeremiah Henderson II, and Jeremiah Henderson III, the only two individuals composing the Defendant limited liability company, Phoenix-Durango, LLC (hereinafter "Phoenix-Durango") are citizens for diversity purposes in the State of Alabama. In the alternative, the Plaintiff moves for leave and an extension of time to conduct jurisdictional discovery. As this motion will turn on sharply disputed jurisdictional fact issues, the Plaintiff respectfully requests Oral Argument and a limited-scope evidentiary hearing. The Defendants contend, however, that Defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III are not citizens of the State of Alabama; therefore, jurisdiction in this Court is proper based upon 28 U.S.C. § 1332.

## II.    STANDARD FOR REMAND

Federal courts are courts of limited jurisdiction; therefore, federal law favors remand of removed cases where federal jurisdiction is not absolutely clear. *See*, e.g., *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Federal Courts are to construe removal statutes "strictly against removal and for remand." *Eastus v. Blue Bell Creamery, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). If there are any doubts about the propriety of removal, those doubts should be resolved against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires

that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). In other words, all doubts and uncertainties must be resolved in favor of a remand to state court. *Sereyer v. Pfizer, Inc.*, 911 F. Supp. 1308, 1312 (M.D. Ala. 1997). In determining whether remand is appropriate, this court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff. *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 (5th Cir. 1981). The party invoking § 1332 diversity jurisdiction bears the burden of establishing "complete diversity" by a "preponderance of the evidence." *McDonald v. Equitable Life Ins. Co. of Iowa* 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998).

### III. DOMICILE STANDARD

When considering diversity, it is necessary for the court to determine an individual's domicile, rather than merely looking to the present residence of the individual. 13 F. Supp. 2d at 1280; *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989); *Jagiella v. Jagiella,* 647 F.2d 561, 563 (5th. Cir. Unit B June 1981). Domicile consists of physical presence within a state, and the "mental intent to make a home there indefinitely." 13 F. Supp. 2d at 1280; *Holyfield*, 490 U.S. at 48; *Texas v. Florida*, 306 U.S. 398, 424 (1989); *Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir. 1984). In making this determination the court should consider "positive evidence and presumptions" as "aids for the court" that are not to "override the actual facts of the case." 13 F. Supp. 2d at 1281. There is a presumption that the state in which one resides at a given time is one's domicile. *See id*. A second presumption is that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. *See id*. However, though

these presumptions are helpful, they are to be used within the context of the actual facts of the case—objective facts that bear on an individual's "entire course of conduct." *See id*.

### IV. EXTENSION OF TIME TO CONDUCT JURISDICTIONAL DISCOVERY STANDARD

"To be permitted jurisdictional discovery, plaintiff must allege facts that would support a colorable claim of jurisdiction." *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 467 (Ala. 2003) (citing *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997)). A request for jurisdictional discovery must offer the court "more than conjecture and surmise in support of [the] jurisdictional theory." *Id* (quoting *Crist v. Republic of Turkey,* 995 F. Supp. 5, 13 (D.D.C. 1998)). "The standard is *quite low*, but a plaintiff's discovery request will nevertheless be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous." *Id.* at 468 (quoting *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998)).

### V. FACTUAL BACKGROUND

The facts, as they pertain to the Motion to Remand, With Motion for Leave and Extension of Time to Conduct Jurisdictional Discovery, are as follows.

Plaintiff Goff is a resident of Montgomery, Alabama. Defendant Phoenix-Durango, LLC is incorporated under the laws of Delaware and does business in Montgomery, Alabama. Defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III are known to do business and own property in Alabama. Defendants

Jeremiah A. Henderson, II and Jeremiah A. Henderson, III claim however to be citizens of Texas and Florida, respectively.

## VI.    DISCUSSION

### A.    MOTION TO REMAND

In Renewed Objection to Plaintiff's Motion to Remand the Defendants offer affidavits signed by Jeremiah A. Henderson II and Jeremiah A. Henderson III which show unequivocally that Jeremiah A. Henderson II is a resident of Texas and the Jeremiah A. Henderson III is a resident of Florida and that both have the mental intent to remain in their respective states. However, evidence exists suggesting that at least one of the Defendants is, for diversity jurisdiction purposes, a citizen of Alabama. Both Jeremiah A. Henderson II and Jeremiah A. Henderson III admit that they own land in Troy, Alabama. Answer ¶¶ 6, 7. In addition, there is at least one listing with an address and phone number for a "Jere Henderson" (the name Jeremiah A. Henderson, II is known to go by) in Troy, Alabama. See Exhibit A. Also, given the extensive familial, personal, and real property connections the Defendants have within Alabama, particularly within Pike County, it is reasonable to assume that at least one of the Defendants has a domicile within Alabama for diversity purposes.

### B.    EXTENSION OF TIME TO CONDUCT JURISDICTIONAL DISCOVERY

"To be permitted jurisdictional discovery, plaintiff must allege facts that would support a colorable claim of jurisdiction." *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 467 (Ala. 2003) (citing *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). "The standard is *quite low*, but a plaintiff's discovery request will nevertheless be denied if it is only based upon bare, attenuated, or unsupported assertions

of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous." *Id.* at 468 (quoting *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). As cited the standard is quite low. Both Jeremiah A. Henderson II and Jeremiah A. Henderson III admit that they own land in Troy, Alabama. Answer ¶¶ 6, 7. In addition, there is at least one listing with an address and phone number for a "Jere Henderson" (the name Jeremiah A. Henderson, II is known to go by) in Troy, Alabama. Furthermore, the Defendants have extensive familial, personal, and real property connections within Alabama, particularly within Pike Country. The facts demonstrate, at the very least, that the claim is not frivolous. There is a legitimate question as to the domicile of the Defendants. Thus, this Honorable Court should grant the Plaintiff leave to conduct jurisdictional discovery, including but not limited to issuing written discovery and taking the Defendants depositions, so as to provide this Court with a satisfactory factual record from which it can make an informed decision regarding the complete diversity of the Defendants in this case.

        Respectfully submitted,

        \s\ Jamie A. Johnston
        Thomas T. Gallion, III (GAL010)
        Jamie A. Johnston (JOH164)

OF COUNSEL:

HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, AL  36103-4660
(334) 265-8573	Telephone
(334) 264-7945	Facsimile

## CERTIFICATE OF SERVICE

       I hereby certify that on the July 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Vernon L. Wells, II, Esq.
C. Ellis Brazeal, Esq.
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203

Kay K. Bains, Esq.
Bradley Arant Rose & White, LLP
1819 5th Avenue North
Birmingham, Alabama 35203

Wendell Cauley, Esq.
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

                              \s\ Jamie A. Johnston
                              OF COUNSEL

26934-008
#21,533