IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GOFF GROUP, INC., ET AL., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. CV - 2006-00389 |
| PHOENIX-DURANGO, LLC, ET AL., | |
| Defendants. | |

### RESPONSE OF DEFENDANTS PHOENIX-DURANGO, LLC, JEREMIAH A. HENDERSON II, AND JEREMIAH A. HENDERSON III TO ORDER OF UNITED STATES DISTRICT COURT TO SHOW CAUSE, AND REQUEST FOR RELATED RELIEF

COME NOW defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III ("herein referred to as "the Hendersons"), and in response to this Court's Order dated September 6, 2006, to show cause why the motion of Susan Shirock DePaola, Trustee of the bankruptcy estate of the Goff Group, Inc.("the Trustee"), to stay all proceedings in this action for an indeterminate period of time "pending determination of the exercise or non-exercise of her powers under the Bankruptcy Code and State Law," say as follows:

1.  These parties do not oppose the stay of these proceedings for a reasonable period of time, not to exceed 30 days, in order to permit the Trustee to determine whether to exercise her powers under the Bankruptcy Code with regard to the claims of the bankrupt Goff Group, Inc., against these defendants or defendant Phoenix-Durango's claim for judicial foreclosure and other relief against the plaintiffs Goff Group, Inc., and John Goff. Phoenix Durango and the Hendersons do, however, object to an indeterminate stay of all proceedings.

2. By way of background, these defendants would show the Court that this litigation was not initiated by them, rather it was initiated on March 24, 2006, by the filing of a complaint by the bankrupt Goff Group, Inc., and John Goff against them in the Circuit Court of Montgomery County. That suit sought, among other things, damages for an alleged wrongful foreclosure by these defendants on real property nominally owned by John Goff. The defendants removed this action to the United States District Court for the Middle District of Alabama on April 28, 2006. On May 25, 2006, defendant Phoenix-Durango amended its answer to assert a counterclaim for judicial foreclosure against the property owned by the Goff plaintiffs, one of which (Goff Group) subsequently filed a bankruptcy petition, but the other of which (John Goff) has not. Thus, the Hendersons themselves are not prosecuting any claim against either of the Goff plaintiffs; rather, they are only defending claims asserted against them by Goff Group and John Goff.

3. This Court may be aware that the Trustee has filed a similar motion to stay in the case of *Greenwich Insurance Co, et al, v. Goff Group, Inc., et al.*, case number 02:06-cv-406, also pending in the United States District Court for the Middle District for Alabama. A copy of that motion is attached as Exhibit A. That case involves claims by a creditor of Goff Group, Inc., that it fraudulently conveyed to defendant John Goff the real property involved in the foreclosure proceedings which is the subject of this action. An order has been entered by the Honorable Myron Thompson staying further proceedings in that case, but these defendants are not aware that that case has been transferred to the bankruptcy court or that any motion to transfer that case has been filed by the Trustee.

4. In light of these related proceedings, these defendants do not object to a stay of the proceedings here limited in time to a period sufficient to allow the Trustee to determine

whether to seek to transfer to the bankruptcy court those aspects to this case related to the bankruptcy of Goff Group, Inc. These defendants submit that 30 days should be a sufficient period to permit the Trustee to determine whether to exercise such powers.

5. These defendants will not oppose and will consent to a motion by the Trustee to transfer all claims pending between them and the bankrupt Goff Group, Inc. from this court to the bankruptcy court. However, in the event of such a transfer, these defendants will move to sever all claims between the bankrupt and them from the claims between John Goff, who has not sought the protection of the bankruptcy court, and these defendants. The latter claims should be retained by this Court.

6. It appears likely that the issue of whether the title to the property upon which Phoenix-Durango seeks to foreclose was fraudulently transferred by Goff Group, Inc., to John Goff will be tried in the bankruptcy court. The outcome of that fraudulent conveyance litigation will determine whether or not plaintiff John Goff has any standing to assert a claim against these defendants for wrongful foreclosure. This Court should retain jurisdiction over all claims between these defendants and John Goff, but should stay all proceedings on those claims until the issue of whether John Goff has any legal interest in the real property in question or whether he obtained such title fraudulently.

7. Certain deadlines have been imposed upon the parties in this action, including a September 22, 2006, deadline to complete jurisdictional discovery and a September 22, 2006, deadline for Phoenix-Durango to serve all unserved but necessary parties to its counterclaim. In the event the Court stays this action, these defendants request that the Court also specifically stay the parties obligations in both of those regards or else provide instruction to the contrary.

In summary, (1) these defendants do not oppose a thirty day stay of all proceedings in this case in order to permit the Trustee to decide and determine whether to exercise her bankruptcy code power to transfer any part of this action the bankruptcy court.

(2)    If such a transfer is sought, these defendants will not oppose it, but will request the Court to sever the transferred claims involving Goff Group, Inc., from the claims between non-bankrupt plaintiff John Goff and these defendants.

(3)    Since it appears that the Trustee may seek to set aside the transfer of title to the real property in question from Goff Group, Inc., to John Goff, which action, if successful, will eviscerate John Goff's wrongful foreclosure action asserted in this case, these defendants respectfully suggest to the Court that litigation of John Goff's wrongful foreclosure action should be stayed pending the outcome of the expected Trustee's fraudulent conveyance litigation in the bankruptcy court and will so move the Court at the appropriate time.

/s/Vernon L. Wells, II
Vernon L. Wells, II

/s/C. Ellis Brazeal
C. Ellis Brazeal

Attorneys for Defendants Phoenix Durango, LLC, Jeremiah A. Henderson II and Jeremiah A. Henderson III

OF COUNSEL
Walston, Wells, & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of September, 2006, I electronically filed the foregoing RESPONSE OF DEFENDANTS PHOENIX-DURANGO, LLC, JEREMIAH A. HENDERSON II, AND JEREMIAH A. HENDERSON III TO ORDER OF UNITED STATES DISTRICT COURT TO SHOW CAUSE, AND REQUEST FOR RELATED RELIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III
Jamie Austin Johnston
Haskell, Slaughter, Young & Gallion, LLC
PO Box 4660
Montgomery, Alabama 36103-4660

F. Chadwick Morriss
Alan Thomas Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett, PC
PO Box 270
Montgomery, Alabama 36101-0270

Jason James Baird
Slaten & O'Connor, PC
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

Leura Garrett Canary
Attention: Patricia Allen Conover
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Alabama 36104

Issac Ripon Britton, Jr.
Hand Arendall, LLC
2001 Park Place North
Suite 1200
Birmingham, Alabama 35203

Winston Whitehead Edwards
David Cushing Hilyer
Craddock, Reneker & Davis, LLP
4142 Carmichael Road, Suite C
Montgomery, Alabama 36106

Paul L. Beckman, Jr.
Capouano, Beckman & Russell, LLC
PO Box 4689
Montgomery, Alabama 36103-4689

George Marion Neal, Jr.
Anthony Ryan Smith
Sirote & Permutt, PC
PO Box 55727
Birmingham, Alabama 35255-5727

Paul Kenneth Lavelle
Yearout, Spina & Lavelle, PC
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Donald Christopher Carson
Janine L. Smith
Burr & Forman, LLP
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

Lewis B. Hickman, Jr.
915 S. Hull Street
Montgomery, Alabama 36104

Robert W. West
Associate Area Counsel
Internal Revenue Service, Room 257
801 Tom Martin Drive
Birmingham, Alabama 35211

Internal Revenue Service
Insolvency Unit, Room 126
801 Tom Martin Drive
Birmingham, Alabama 35211

MBNA America Bank (Delaware)
Registered Agent, MBNA America Bank (Delaware)
1100 North King Street
Wilmington, Delaware 19884

CSC Lawyers Incorporating Service, Inc.

Registered Agent, Kemmons Wilson, Inc.
150 Perry Street
Montgomery, Alabama 36104

Daniel Realty Company
Registered Agent, Meadow Brook North, LLC
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243-1930

Willis of North America, Inc.
Attention: Kellie Smits
26 Century Boulevard
Nashville, Tennessee 37214

CSC Lawyers Incorporating Service, Inc.
Registered Agent, Stuart Allan & Associates, Inc.
150 Perry Street
Montgomery, Alabama 36104

/s/Vernon L. Wells, II
Of Counsel