IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GOFF GROUP, INC., and JOHN W. GOFF, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. CV - 06-389 |
| PHOENIX-DURANGO, et al., | |
| Defendants. | |

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING COURT'S JURISDICTION

COME NOW defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III, and in response to this Court's Order dated December 19, 2006, to show cause why this case should not be remanded to state court due to the addition of counterclaim defendants, say as follows:

1. Plaintiffs John Goff ("Goff") and Goff Group, Inc. ("Goff Group"), instituted this civil action in the Circuit Court of Montgomery County, Alabama, on March 24, 2006, naming as a defendant Phoenix-Durango, LLC ("Phoenix-Durango"). The Summons and Complaint were served upon defendant Phoenix-Durango on March 30, 2006. Plaintiffs amended their complaint on April 25, 2006, adding additional defendants Jeremiah A. Henderson II and Jeremiah A. Henderson III ("herein referred to as "the Hendersons"), the sole members of Phoenix-Durango.

2. Phoenix-Durango removed this action from state court to this United States District Court on April 28, 2006, on the grounds that complete diversity of citizenship existed between all parties of interest in this action, and that the requisite amount in controversy was at

stake in this action.[1] At the time of removal, this Court had diversity jurisdiction over this action as stated by the First Amended Complaint pursuant to 28 U.S.C. § 1332.[2]

3. On May 25, 2006, after removing this action, Phoenix-Durango filed an Amended Answer, asserting compulsory counterclaims, brought under Rule 13(a) of the Federal Rules of Civil Procedure, against Goff and Goff Group. In their complaint, Plaintiffs Goff and Goff Group sought to enjoin Defendant Phoenix-Durango from foreclosing on the Subject Property and sought damages for Phoenix-Durango's attempt allegedly to foreclose wrongfully on the Subject Property. In its counterclaim, Phoenix-Durango seeks to proceed with the foreclosure on the Subject Property that the Plaintiffs' Complaint seeks to prevent. *See* Amended Answer to Plaintiff's First Amended Complaint and Counterclaim of Phoenix-Durango, ¶ 37-38. Phoenix-Durango also seeks a determination of Goff and Goff Group's liability on the note. *See* Amended Answer to Plaintiff's First Amended Complaint and Counterclaim of Phoenix-Durango, ¶ 40-41. The Court will adjudicate the same issues in Plaintiffs' wrongful foreclosure claims and in Phoenix-Durango's judicial foreclosure claim. Specifically, the Court will determine whether Phoenix-Durango is entitled to foreclose, and, if so, the correct procedure for

---

[1] Plaintiff Goff Group is, and was at time of the institution of this civil action, a corporation organized under and by virtue of the laws of Alabama, with its principal place of business in Alabama. Plaintiff Goff is, and was at time of the institution of this civil action, an individual who is a citizen and resident of the State of Alabama. Defendant Phoenix-Durango is, and was at the time of the institution of this civil action, a limited liability company established under the laws of Delaware and which is, for purposes of removal, considered to be a citizen of Texas and Florida, the states of which the only two members of Phoenix-Durango, Jeremiah A. Henderson II and Jeremiah A. Henderson III, are citizens. *See Rolling Hills MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *see also Marshall Construction, LLC v. Climastor IV, LLC*, 2005 WL 1364942 (M.D. Ala. June 8, 2005) (applying same). Defendant Jeremiah A. Henderson II is, and was at the institution of this civil action, an individual who is a citizen and resident of the State of Texas. Defendant Jeremiah A. Henderson III is, and was at the institution of this civil action, an individual who is a citizen and resident of Florida. *See* Notice of Removal. Moreover, the requisite amount in controversy is at stake, as Plaintiffs state they are seeking compensatory damages in the amount of five million dollars and punitive damages in the amount of fifteen million dollars. *See* First Amended Complaint.

[2] On May 26, 2006, Plaintiff Goff filed a Motion to Remand. *See* Motion to Remand. However, on September 25, 2006, after conducting jurisdictional discovery, Goff filed a Notice of Withdrawal of his Motion to Remand. The Court granted the Motion to Withdraw Goff's Motion to Remand on September 28, 2006.

foreclosing on the Subject Property. The Court will permit or refuse to allow Phoenix-Durango to proceed with that foreclosure, and determine if Phoenix-Durango conformed with all legal requirements when it attempted its non-judicial foreclosure. Clearly, Phoenix-Durango's claim for judicial foreclosure "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims," and thus, is a compulsory counterclaim. *See* FED. R. CIV. PRO. 13(a); *see also The Kissell Co. v. Farley*, 417 F.2d 1180 (7th Cir. 1969) (holding that a foreclosure claim and a claim regarding the enforceability of a note and mortgage were compulsory counterclaims because "the central element in both claims was the validity and propriety of the loan and mortgage . . ."); *Costello v. Enright*, 2004 WL 2480995 (D. Vt. Nov. 1, 2004) (holding that claims about the enforceability and validity of a note and mortgage were compulsory counterclaims to a foreclosure action). Under Rules 13(h) and 19 of the Federal Rules of Civil Procedure, all counterclaim defendants may be made parties to the action.[3]

    4. This United States District Court has subject matter jurisdiction over Goff and Goff Group's claims versus Phoenix-Durango and the Hendersons. This Court also has subject matter jurisdiction over Phoenix-Durango's counterclaim and the additional counterclaim defendants. Specifically, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367, codified in 1990 by Congress to clarify the caselaw doctrines of pendent and ancillary jurisdiction.

Under the doctrine of ancillary jurisdiction, courts which had jurisdiction pursuant solely to diversity of citizenship did not need an independent ground of jurisdiction for compulsory

---

[3] All junior lienholders were added as counterclaim defendants. *See Auburn Ins. Agency v. First Nat'l Bank of Auburn*, 81 So. 2d 600 (Ala. 1955) (holding, in a foreclosure lawsuit, that the junior mortgagee is a necessary party to the lawsuit); *see also Mathison v. Barnes*, 16 So. 2d 717 (Ala. 1944) ("[I]n a suit to foreclose a junior mortgage, a vendor's lien, or other encumbrance, a senior mortgagee, whose priority is not questioned, need not be made a party. In general, a mortgage foreclosure suit need only bring in parties who have acquired an interest from the mortgagor or mortgagee subsequent to the mortgage.").

counterclaims. *See H.L. Peterson Co. v. S.W. Applewhite, II*, 383 F.2d 430 (5th Cir. 1967)[4] ("It is settled that where as here [a case in which jurisdiction is based solely on complete diversity of citizenship] the counterclaim is compulsory against [the plaintiff], <u>no independent jurisdictional ground need exist where an additional party . . . is brought into the case by a counterclaimant</u>") (emphasis added); *see also Noonan South, Inc. v. County of Volusia*, 841 F.2d 380 (11th Cir. 1988) (noting, in a case where jurisdiction was based on diversity of citizenship, that a district court has ancillary jurisdiction <u>over non-diverse parties to a compulsory counterclaim</u>). Clearly, Phoenix-Durango's compulsory counterclaim and the counterclaim defendants are within the <u>ancillary jurisdiction</u> of this Court. However, the doctrine of ancillary jurisdiction has been codified at 28 U.S.C. § 1367, titled "Supplemental Jurisdiction," which provides in pertinent part:

> **§ 1367. Supplemental Jurisdiction**
> (a) Except as provided in subsection (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, **the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.**
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims **by plaintiffs** against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

---

[4] Because this case was decided before October 1, 1981, it is binding precedent on the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

28 U.S.C. § 1367 (emphasis added).

5. Under 28 U.S.C. § 1367, a district court which has original subject matter jurisdiction, either federal question jurisdiction <u>or diversity jurisdiction,</u> over one claim can maintain jurisdiction over other claims that lack an independent basis for jurisdiction as long as the additional claims "are so related to claims" within the court's jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1414 (2006) ("Supplemental jurisdiction is authorized over any claims in the action that are so related to claims over which the court has original jurisdiction as to form part of the same case or controversy. This standard would embrace transactionally-related counterclaims, and <u>all the caselaw interpreting the boundaries for ancillary jurisdiction over Rule 13 counterclaims thus remains pertinent and controlling</u>.") (Emphasis added) "Although the statute places certain limits on a court's ability to exercise supplemental jurisdiction over claims by or against non-diverse additional parties when the basis for the original claim is diversity jurisdiction, <u>those limits only apply when the additional claims are brought by *plaintiffs*</u>. Indeed, we have specifically held that in a diversity action, <u>the district court may exercise supplemental jurisdiction over a *defendant's* counterclaim against non-diverse parties joined as third-party defendants to the counterclaims</u>." *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185 (3d Cir. 1996) (emphasis in original) (*citing In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236-38, (3d Cir. 1994); *see also* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 13.110[3] (3d ed. 2006) ("Under the supplemental jurisdiction statute, a district court has supplemental jurisdiction over claims that 'form part of the same case or controversy' as the original claim over which the court has

original jurisdiction. <u>Supplemental jurisdiction is not limited to federal question cases</u>, and may be invoked when the court's original basis of jurisdiction is diversity of citizenship. The statute provides that the court will not have supplemental jurisdiction over claims by *plaintiffs* against certain third or joined parties if joinder 'would be inconsistent with the jurisdictional requirements of § 1332.' <u>However, the text of the statute does not prohibit supplemental jurisdiction for defendants asserting counterclaims or cross-claims</u>")(italics in original, underlining added); *see also* D. SIEGEL, 28 U.S.C. § 1367 Practice Commentary, p. 832 (West 1993) ("Subdivision (b) of § 1367 is concerned *only* with efforts of a *plaintiff* to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain contexts for want of subject matter jurisdiction.") (emphasis added); 32A AM. JUR. 2D FEDERAL COURTS § 697 (2005) ("Subject to the exemption from supplemental jurisdiction of certain claims by plaintiffs in actions of which the District Courts have original jurisdiction founded solely on diversity of citizenship, where a counterclaim is compulsory against an original plaintiff, <u>no independent jurisdictional ground need exist where an additional party is brought into the case by the counterclaimant</u>."). The claims about which this Court raised its concern at the status conference are not prohibited claims by a plaintiff, but clearly permissible counterclaims by <u>the defendant, Phoenix-Durango</u>.

6.  These authorities make it clear beyond question that this Court has supplemental jurisdiction over Phoenix-Durango's counterclaim because the counterclaim is "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As discussed previously, the claims in the original action and in the counterclaims are both based upon the foreclosure of the same piece of property. Clearly, the two sets of claims form part of

6

the same case or controversy under Article III, and, thus, this Court has supplemental jurisdiction, under 28 U.S.C. § 1367, over Phoenix-Durango's counterclaim. *See* 28 U.S.C. § 1367(a). As it is also absolutely clear that the additional counterclaim defendants, as lienholders junior to Phoenix-Durango, are necessary parties to Phoenix-Durango's judicial foreclosure counterclaim, this Court's supplementary jurisdiction unquestionably extends to them.

    7.    No attempt has been made by plaintiffs' counsel or counsel for any counterclaim defendants to dispute the supplementary jurisdiction of this Court.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendants respectfully submit that this Court unquestionably has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Phoenix-Durango's compulsory counterclaim and the additional counterclaim defendants, and, thus, should retain jurisdiction over this matter, and that Defendants have shown cause why there is no basis for the remand of this action.

/s/Vernon L. Wells, II

/s/C. Ellis Brazeal

Attorneys for Defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2007, I electronically filed the foregoing RESPONSE TO ORDER TO SHOW CAUSE REGARDING COURT'S JURISDICTION with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III
Jamie Austin Johnston
Charles McDowell Crook, Jr.
Haskell, Slaughter, Young & Gallion, LLC
PO Box 4660
Montgomery, Alabama 36103-4660

Lewis B. Hickman, Jr.
915 South Hull Street
Montgomery, Alabama 36104

F. Chadwick Morriss
Alan Thomas Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett, PC
PO Box 270
Montgomery, Alabama 36101-0270

Jason James Baird
Slaten & O'Connor, PC
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

Patricia Allen Conover
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Issac Ripon Britton, Jr.
Hand Arendall, LLC
2001 Park Place North
Suite 1200
Birmingham, Alabama 35203

Winston Whitehead Edwards
David Cushing Hilyer
Craddock, Reneker & Davis, LLP
4142 Carmichael Road, Suite C
Montgomery, Alabama 36106

Paul L. Beckman, Jr.
Capouano, Beckman & Russell, LLC
PO Box 4689
Montgomery, Alabama 36103-4689

George Marion Neal, Jr.
Anthony Ryan Smith
Sirote & Permutt, PC
PO Box 55727
Birmingham, Alabama 35255-5727

Paul Kenneth Lavelle
Yearout, Spina & Lavelle, PC
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Donald Christopher Carson
Janine L. Smith
Burr & Forman, LLP
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203

Leonard N. Math
Chambless & Math PC
P.O. Box 230759
Montgomery, Alabama 36123

Billington Malone Garrett
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

David James Middlebrooks
Lehr Middlebrooks & Vreeland, PC
P.O. Box 11945
Birmingham, Alabama 35237-1945

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

Robert W. West
Associate Area Counsel
Internal Revenue Service, Room 257
801 Tom Martin Drive
Birmingham, Alabama 35211

Internal Revenue Service
Insolvency Unit, Room 126
801 Tom Martin Drive

9

Birmingham, Alabama 35211

MBNA America Bank (Delaware)
Registered Agent, MBNA America Bank (Delaware)
1100 North King Street
Wilmington, Delaware 19884

CSC Lawyers Incorporating Service, Inc.
Registered Agent, Kemmons Wilson, Inc.
150 Perry Street
Montgomery, Alabama 36104

Daniel Realty Company
Registered Agent, Meadow Brook North, LLC
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243-1930

CSC Lawyers Incorporating Service, Inc.
Registered Agent, Stuart Allan & Associates, Inc.
150 Perry Street
Montgomery, Alabama 36104

/s/Vernon L. Wells, II
Of Counsel