IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GOFF GROUP, INC., and JOHN W. GOFF, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. CV - 06-389 |
| PHOENIX-DURANGO, LLC, et al., | |
| Defendants. | |

## RESPONSE TO THE BANKRUPTCY TRUSTEE'S MOTION FOR REMAND OF PROCEEDINGS TO BANKRUPTCY COURT AND RESPONSE TO SHOW CAUSE ORDER REGARDING REMAND TO STATE COURT

COME NOW defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III (jointly "Defendants"), and in response to the Bankruptcy Trustee's Motion for Remand of Proceedings to Bankruptcy Court and Response to Show Cause Order Regarding Remand to State Court, say as follows:

1.  On December 27, 2006, Susan Shirlock DePaola, Trustee of the Bankruptcy Estate of Goff Group, Inc., moved this Court for a transfer of this case to the United States Bankruptcy Court for the Middle District of Alabama. *See* Motion for Remand of Proceedings to Bankruptcy Court and Response to Show Cause Order Regarding Remand to State Court.[1]

2.  Specifically, the Trustee states that "[t]he claims asserted by the Plaintiff in this action against the Goff Group, Inc. are core proceedings as defined by 28 U.S.C. § 157(b)(2) or in the alternative, are non-core proceedings which are related to the bankruptcy proceedings of the Goff Group, Inc. which may be referred to the bankruptcy court pursuant to 28 U.S.C. §

---

[1] Although the pleading is titled "Motion for Remand," the Bankruptcy Trustee states she is seeking a "referral" to the Bankruptcy Court and not a remand to state court. *See* Motion for Remand of Proceedings to Bankruptcy Court and Response to Show Cause Order Regarding Remand to State Court, ¶ 5-6.

157(c)."[2] The Trustee then prays for an order referring <u>the entire case</u> to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(b), or, in the alternative, an order referring <u>the entire case</u> for pre-trial and trial proceedings resulting in a report and recommendation to this Court for entry of final judgment pursuant to 11 U.S.C. § 157(c).

3.  Defendants concede that because Goff Group filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama in June of 2006, Goff Group's claims against Defendants (as pled in the Complaint and First Amended Complaint), and Phoenix-Durango's counterclaims against Goff Group (as pled in the Amended Answer to Plaintiff's First Amended Complaint and Counterclaim of Phoenix-Durango) are due to be transferred to the United States Bankruptcy Court for the Middle District of Alabama as core proceedings or as non-core proceedings related to the bankruptcy proceedings of Goff Group. <u>Only the claims by and against Goff Group, however, are due to be transferred.</u>

4.  Plaintiff John Goff <u>has not filed for protection of the Bankruptcy Court</u>. Defendants do not agree that John Goff's claims against Defendants or Phoenix-Durango's counterclaims against John Goff are due to be transferred to the Bankruptcy Court, or that there is any basis for the referral of those claims to the Bankruptcy Court. John Goff sued Defendants for various relief allegedly based upon Phoenix-Durango's attempt to foreclose on the Subject Property. <i>See</i> Complaint and First Amended Complaint. Phoenix-Durango counterclaimed against John Goff, seeking a judicial foreclosure on the Subject Property (of which he was and still is the nominal owner) and seeking a determination of his liability, as the personal guarantor, on the note which Phoenix-Durango holds. <i>See</i> Amended Answer to Plaintiff's First Amended Complaint and Counterclaim of Phoenix-Durango. Defendants do not understand any basis

---

[2] The Bankruptcy Trustee refers to claims asserted by the "Plaintiff" against Goff Group, Inc. Phoenix-Durango, however, is not the Plaintiff in this action; John Goff and Goff Group, Inc., are the plaintiffs. Phoenix-Durango is

2

whatsoever for transferring these claims (by and against a non-bankrupt individual) to the Bankruptcy Court. Instead, the claims by and against John Goff, which are not within the jurisdiction of the Bankruptcy Court, should be severed from the claims by and against Goff Group, which are within the jurisdiction of the Bankruptcy Court, and should remain pending in this Court, where they rightfully belong.

5. The claims involving John Goff, once retained in this Court, should then be stayed, pending a determination of who is the proper owner of the Subject Property, either John Goff or Goff Group. This issue is currently being litigated in an adversary proceeding filed by the Trustee against John Goff in Goff Group's bankruptcy case in the United States Bankruptcy Court for the Middle District of Alabama (CV-06-3098). In that case, the Trustee has alleged that John Goff improperly obtained title to the property by means of a fraudulent conveyance; the Trustee seeks the recovery of ownership of property for the estate of Goff Group. The proper owner of the Subject Property must be decided in order to determine how the claims of Goff, Goff Group, and Phoenix-Durango in this case should proceed. For example, if John Goff, the present titleholder to the Subject Property, is determined to be the proper owner, then Goff Group has no interest in the property and the judicial foreclosure is due to be litigated between the owner (Goff) and the mortgagee (Phoenix-Durango) in this District Court. If, however, the Adversary Proceeding results in a determination that John Goff obtained title by means of a fraudulent conveyance, and Goff Group is determined to be the proper owner of the Subject Property, then John Goff has no interest in the property and the judicial foreclosure is due to be litigated in the Bankruptcy Court. In that situation, the only claims left for this Court to

---

the defendant, asserting counterclaims against the plaintiff, Goff Group, Inc.

adjudicate would be Phoenix-Durango's claims against John Goff as the personal guarantor of the note.[3]

6. Once it is determined by the Bankruptcy Court who properly holds title to the Subject Property, that ruling will be brought to the attention of this Court. That determination will be dispositive of many of the claims before this Court. The remaining claims, whether they be John Goff's claims based on the alleged wrongful foreclosure and Phoenix-Durango's claims for judicial foreclosure against Goff and for a judgment regarding Goff's personal liability on the note, or whether they be solely Phoenix-Durango's claim for regarding Goff's personal liability on the note (because the other issues are disposed of by the determination that Goff Group is the rightful owner of the property), can then be litigated.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendants respectfully request that this Court order the following:

(a) that all claims between John Goff and the Defendants, Phoenix-Durango, Jeremiah A. Henderson II, and Jeremiah A. Henderson III, be severed from all claims between Goff Group, Inc., and the Defendants;

(b) that the claims of Goff Group against Defendants and Defendant Phoenix-Durango's claims against Goff Group be referred to the United States Bankruptcy Court for the Middle District of Alabama;

(c) that the claims of John Goff against Defendants and Phoenix-Durango's claims against John Goff be stayed pending further order of this Court upon notice to it by the parties hereto of the outcome of the Adversary Proceeding in the Bankruptcy Court.

Respectfully submitted,

---

[3] In those circumstances, it would appear that John Goff individually, having been determined to have no interest in the property, would not have standing to assert any claims for wrongful foreclosure.

/s/Vernon L. Wells, II

/s/C. Ellis Brazeal

Attorneys for Defendants Phoenix-Durango, LLC, Jeremiah A. Henderson II, and Jeremiah A. Henderson III

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2007, I electronically filed the foregoing RESPONSE TO THE BANKRUPTCY TRUSTEE'S MOTION FOR REMAND OF PROCEEDINGS TO BANKRUPTCY COURT AND RESPONSE TO SHOW CAUSE ORDER REGARDING REMAND TO STATE COURT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas T. Gallion, III
Jamie Austin Johnston
Charles McDowell Crook, Jr.
Haskell, Slaughter, Young & Gallion, LLC
PO Box 4660
Montgomery, Alabama 36103-4660

Lewis B. Hickman, Jr.
915 South Hull Street
Montgomery, Alabama 36104

F. Chadwick Morriss
Alan Thomas Hargrove, Jr.
Rushton, Stakely, Johnston & Garrett, PC
PO Box 270
Montgomery, Alabama 36101-0270

Jason James Baird
Slaten & O'Connor, PC
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104

Patricia Allen Conover
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Issac Ripon Britton, Jr.
Hand Arendall, LLC
2001 Park Place North
Suite 1200
Birmingham, Alabama 35203

Winston Whitehead Edwards
David Cushing Hilyer
Craddock, Reneker & Davis, LLP
4142 Carmichael Road, Suite C
Montgomery, Alabama 36106

Paul L. Beckman, Jr.
Capouano, Beckman & Russell, LLC
PO Box 4689
Montgomery, Alabama 36103-4689

George Marion Neal, Jr.
Anthony Ryan Smith
Sirote & Permutt, PC
PO Box 55727
Birmingham, Alabama 35255-5727

Paul Kenneth Lavelle
Yearout, Spina & Lavelle, PC
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Donald Christopher Carson
Janine L. Smith
Burr & Forman, LLP
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203

Leonard N. Math
Chambless & Math PC
P.O. Box 230759
Montgomery, Alabama 36123

Billington Malone Garrett

6

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

David James Middlebrooks
Lehr Middlebrooks & Vreeland, PC
P.O. Box 11945
Birmingham, Alabama 35237-1945

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants:

Robert W. West
Associate Area Counsel
Internal Revenue Service, Room 257
801 Tom Martin Drive
Birmingham, Alabama 35211

Internal Revenue Service
Insolvency Unit, Room 126
801 Tom Martin Drive
Birmingham, Alabama 35211

MBNA America Bank (Delaware)
Registered Agent, MBNA America Bank (Delaware)
1100 North King Street
Wilmington, Delaware 19884

CSC Lawyers Incorporating Service, Inc.
Registered Agent, Kemmons Wilson, Inc.
150 Perry Street
Montgomery, Alabama 36104

Daniel Realty Company
Registered Agent, Meadow Brook North, LLC
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243-1930

CSC Lawyers Incorporating Service, Inc.
Registered Agent, Stuart Allan & Associates, Inc.
150 Perry Street
Montgomery, Alabama 36104

/s/Vernon L. Wells, II
Of Counsel